BOARD OF TRUSTEES OF THE GATE CITY GUARD
*v.* CITY OF ATLANTA.

1. Public property, within the meaning of that clause of the constitution which authorizes the General Assembly to exempt from taxation " all public property," embraces only such property as is owned by the State, or some political division thereof, and title to which is vested directly in the State, or one of its subordinate political divisions, or in some person holding exclusively for the benefit of the State, or a subordinate public corporation.
2. It follows from the ruling stated in the preceding note, that that portion of the act of the General Assembly approved October 13, 1885, and now embodied in Political Code, § 1156, which declares that each armory " owned " and occupied by any command of the volunteer military forces of the State "shall be, to all intents and purposes, public property, . . and as such public property . . shall be exempt from any taxation, State, county, or municipal," is in violation of the constitution, and therefore null and void.

Argued June 5,—Decided July 19, 1901.

Petition for injunction. Before Judge Fite. Fulton superior court. April 4, 1901.

This was a petition to restrain the enforcement of an execution for city taxes for the year 1900 on realty in Atlanta owned by the Gate City Guard and used by the owner for an armory. The city denied that the property was exempt from taxation, and alleged that, although the upper part of the armory building was used principally for the purpose above stated, the first floor of the building was used wholly for purposes of income, being rented for store-rooms, and that the part used for an armory was sometimes rented. It was admitted that the plaintiff, the Board of Trustees of the Gate City Guard, is a corporation under the laws of this State, and holds for the Gate City Guard the property described in the petition; and that the Gate City Guard is a military organization chartered under the laws of this State and duly enlisted and mustered into the service of the State, and subject to military service, as prescribed in the laws for the government of the State troops. The statement of facts in the decision in *Cummings* v. *Hollis*, 108 *Ga.* 402, was assumed to be true. The treasurer of the plaintiff testified that the company had never derived any benefit from the armory except its use as an armory, all income from the building being devoted to paying off the interest on the debt due for the building and for the uniforming of the company, which debt was continually increasing until the year 1900, when it amounted to $17,000; and that up to that year the State had furnished no uniforms for the company, but they were furnished at great expense by the company itself, thus gradually increasing the debt.

The court refused an injunction, and the plaintiff excepted.

*James F. O'Neill,* for plaintiff.
*James L. Mayson* and *William P. Hill,* for defendant.

COBB, J. On October 13, 1885, an act was approved which declared: "Each armory owned and occupied by any command of said volunteer forces shall be, to all intents and purposes, public property — that is to say, the State shall have the right to use the same for public purposes of a military character, to quarter troops therein in times of emergency, to be judged of by the commander-in-chief, and to otherwise use the same for military purposes, such use, however, to be consistent with the occupation of the same by said command holding the legal title thereto, and so as not to oust the said command therefrom, and as such public property, each said

.armory and the land upon which it is situated, while.it is used and ·occupied as such, shall be exempt from any taxation, State, county, ·or municipal. The adjutant and inspector-general shall see that .all such armories are kept in serviceable condition, and shall report on the same to the commander-in-chief in his annual.report. All rents or income of any portions of such armories shall be the property of the command owning the same. The State shall·not .appropriate any money for the repair of such buildings, but all re-pairs and other expenses incident to preserving and repairing such buildings shall be paid by the.command owning the same." Acts 1884–5, p. 84, Political Code, § 1156. Under the constitution ·"the General Assembly may, by law, exempt from taxation all public property." Civil Code, § 5884. The General Assembly, ·under the authority thus granted, has declared that "all public ·property" shall be exempt from taxation. Political Code, § 762. In *Mundy* v. *Van Hoose*, 104 *Ga.* 299, Mr. Justice Little says: ·"Public property, in the sense as used in the provision for render-ing property exempt, means property belonging to the State, or the political divisions thereof, such as counties, cities, towns, and the like." Taxation is the rule, and exemption the exception. *Athens Waterworks Co.* v. *Athens*, 74 *Ga.* 413. The General Assembly has no authority whatever to exempt from taxation any species of property except those specifically mentioned in the constitution. Any one claiming an exemption from taxation must show an act ·of the General Assembly passed in pursuance of the constitution, authorizing·the exemption; and in construing such an act every ·doubt is to be resolved in favor of taxation and against exemption. In the present case an effort is made to enforce an attempt by the ·General Assembly to exempt from taxation the property of a pri-vate corporation known as the Board of Trustees of the Gate City Guard. The exemption from taxation is claimed under that part of the act, above referred to, which declares that an armory owned and occupied by the volunteer military forces of the State shall be public property to all intents and purposes. It is not pretended that the building in which the armory of the Gate City·Guard is located is owned by the State, or any political division thereof, or that the corporation which holds the title to the building holds it exclusively for the benefit of the State, or a subordinate public cor-poration. It is claimed, however, that a portion of the building is

used entirely for purposes which are of a public nature; and that,. while the corporation derives an income from the remaining portion of the building, this income, after paying the debts of the corporation incurred in the erection and maintenance of the property, is used. exclusively for public purposes in maintaining the military company known as the Gate City Guard, which is a part of the regular volunteer military forces of the State. That private property is used exclusively for public purposes does not change the nature of the property or the title thereto, so as to convert it into public property. It is not necessary in the present case to determine who would be the owners of this property in the event it should ever cease to be used for the purposes for which the military company was organized and the property acquired; but it is sufficient to determine, as it can be without difficulty decided, under the facts of the present case, that neither the legal nor equitable title to the property is in the State, or any political division thereof. It is therefore not public property, within the meaning of the clause of the constitution which declares that the General Assembly shall have authority to exempt public property from taxation. Private property can not be converted into public property by the simple declaration of the General Assembly; and especially is this true when the purpose of the declaration is to relieve private property from a burden which the constitution says in unmistakable terms. shall be borne by it for the benefit of the public. The act of 1885, above referred to, which attempted to exempt from taxation armories owned by military companies, is unconstitutional and void, and the court did not err in so treating it, and in holding that the armory owned by the Board of Trustees of the Gate City Guard. was subject to taxation by the City of Atlanta.

*Judgment affirmed. All the Justices concurring.*