## JOINER, tax-collector, *v.* PENNINGTON.

1. A portable sawmill is not subject to taxation in a county where it is temporarily located on the land of another, the owner of the sawmill living in a different county and returning the same for taxation as personal property together with other property in the county of his residence.
2. The court did not err in granting the interlocutory injunction.

MAY 12, 1915.

Injunction. Before Judge Rawlings. Jefferson superior court. September 18, 1914.

A. F. Pennington filed his equitable petition for injunction against the tax-collector and the sheriff of Jefferson county, in which he alleged, that the officials named were proceeding to collect a certain tax fi. fa. levied upon his property, the fi. fa. having been issued to enforce the payment of taxes on certain personalty of which petitioner was the owner, consisting of a portable sawmill, certain draft animals, and other equipment necessary for the operation of the sawmill; that petitioner was a resident of Jefferson county; that he moved the sawmill from place to place when necessary for the profitable conduct of the business; and that while the sawmill was temporarily, in the year 1913, in Jenkins county, the tax-collector of that county entered the same on the digest for taxation. The plaintiff insisted that the property was not taxable in Jenkins county, and that he had paid the tax leviable upon this property and his other property in Jefferson county, the county of his residence. The tax-collector answered the petition. He neither admitted nor denied the allegations as to the residence of petitioner, or that he owned property only in the county of Jefferson and paid taxes on the same. It was admitted that petitioner did own, among other property, a portable sawmill, together with the necessary equipment, but neither admitted nor denied that in the conduct of the business petitioner moved the sawmill at such times and to such places as might be necessary in the conduct of the business. It was alleged in the answer, that taxable property of the value of $1,850.00, consisting of four mules, 18 oxen, a sawmill and fixtures, carts and wagons, was owned and kept by petitioner in the county of Jenkins on October 16, 1912, and for some time prior thereto; that petitioner continued to keep said property in said county for nearly a year from October 16, 1912, and used it in the operation of a sawmill in said county, and kept said property dur-

ing said time on land taxable in Jenkins county; that the owner had no other office than that in Jenkins county through which he managed his sawmill business in that county; and that he failed, in the year 1913, to return said property in Jenkins county for taxation, and upon his failure to make such returns the tax-receiver, on June 28, 1913, assessed and returned said property for taxation in Jenkins county, and gave notice to petitioner of the assessment and return. The issuance of the tax fi. fa., and the placing of the same in the hands of the sheriff of Jefferson county for collection, were admitted. Upon the hearing no evidence was submitted, the judge stating that he would treat all the allegations in the answer as true. After consideration, the court granted an interlocutory injunction, restraining the collection of the fi. fa. until the final hearing of the case. To this order the tax-collector excepted.

*William Woodrum*, for plaintiff in error.

*R. N. Hardeman*, contra.

Beck, J. (After stating the facts.) We are of the opinion that the court did not err in granting the interlocutory injunction so as to preserve the status until the final hearing. The plaintiff in error insists that under the law as contained in section 1075 of the Civil Code of 1910, the property was taxable in Jenkins county. That section contains the following provision: "All persons, companies, or corporations conducting any business enterprise upon realty not taxable in the county in which such persons reside, or the office of the company or corporation is located, shall return for taxation their stock of merchandise, raw material, machinery, live stock, and all other personalty employed in the operation of said business enterprise, and the notes and accounts made and the money used in the prosecution of such business enterprise, on hand at the time for the estimation of property for taxation, including all personalty of whatsoever kind connected with or used in said enterprise in any manner whatever, in the county in which is taxable the realty whereon such business enterprise is located or carried on; provided, that the provisions of this section shall not apply to those corporations required by law to make their returns to the comptroller-general." We do not think that the provisions which we have quoted are applicable in cases like that presented in this record. If the sawmill in question were permanently located in the county of Jenkins, it would raise a different question. But

the sawmill here sought to be taxed is a portable sawmill, movable from place to place with its equipment, and as a matter of fact is moved to such a place as would, in the opinion of its owner, render the operation of the same profitable. It is alleged in the answer that the property remained in Jenkins county for about a year, but it does not distinctly appear that it had remained as long as a year. But even if it had remained for a period of a year, that would not be conclusive as against the contention of the petitioner that the mill and its equipment remained only temporarily in the place where it might be located. If the mill is actually a portable sawmill, remaining only temporarily in the place to which it may be carried for operation, and if as a matter of fact it is carried from county to county, then it is clearly taxable as personal property belonging to the owner in the county of Jefferson, that is, the county of petitioner's residence; and if taxable there, it ought not to be taxed in one or more other counties where it might be for a time located because of the temporary advantage of the situation. What are the real facts of the case can be developed upon the final trial. The judge properly held that the status should be preserved until then, and there was no error in granting the injunction.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*