DAVIS *et al.* v. CITY OF ATLANTA *et al.*

No. 16998. MARCH 14, 1950.

*Moise, Post & Gardner,* for plaintiffs.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin,* and *Henry L. Bowden,* for defendants.

DUCKWORTH, Chief Justice. In rendering the judgment excepted to, Honorable Ralph Pharr, Judge of the Superior Court, Atlanta Judicial Circuit, wrote the following opinion:

"Under *Board of Trustees* v. *City of Atlanta,* 113 *Ga.* 883 (39 S. E. 394), the fact that privately owned property is devoted exclusively to a public use does not thereby make it public property so as to exempt it from municipal ad valorem taxation. Indeed, not even legislative enactment can make it such nor so exempt it. In that case the court held unconstitutional an act of the legislature which declared that armory property shall be public property and exempt from municipal and other taxation.

"In that case the court said: 'It is claimed . . the property . . is used exclusively for public purposes in maintaining the military company known as the Gate City Guard, which is a part of the regular volunteer military forces of the State. That private property is used exclusively for public purposes does not change the nature of the property or the title thereto, so as to convert it into public property. . . Private property cannot be converted into public property by the simple declaration of the General Assembly; and especially is this true when the purpose of the declaration is to relieve private property from a burden which the Constitution says in unmistakable terms shall be borne by it for the benefit of the public.'

"The case quoted seems to me to be a stronger case than the case sub judice, because there the legislature specifically ordered the tax exemption.

"But what about *Newton* v. *City of Atlanta,* 189 *Ga.* 441 (6 S. E. 2d, 61)? In that case the Supreme Court held that the City of Atlanta had no power to impose an occupation tax on dealers in fruits and produce who conducted their business entirely in the Georgia State Farmers Market. In that case the court said: 'Instrumentalities and businesses have likewise been exempted from occupation taxes, even though privately owned

and used for private gain, if they form an integral and essential part of governmental functions on government-owned or government-controlled property, and are conducted in accordance with the rules prescribed under governmental authority as authorized by statute.'

"It will be observed by a careful reading of that case that the court based its decision upon the ground that the tax imposed was in substance a tax on a State function or instrumentality. It was not a property tax but a license tax—a tax upon the doing of the very thing for which the Farmers Market was created. It was tantamount to taxing a person for working for the State. It was a municipal imposition of a condition upon carrying out a State function. It was in substance the same as the City of Atlanta imposing a license tax on the Commissioner of Agriculture or Director of the State Highway Department. No question of taxation of property was involved, and the court made no mention of the armory case (*Board of Trustees* v. *City of Atlanta,* supra), and it is clearly distinguishable from the *Newton* case. If the imposition of an ad valorem tax on privately owned property used in carrying on a State function is a tax upon the instrumentality of the State, then the armory case was decided wrong because in that case it appears clear that the legislative act and the court considered the use to which the premises were put to be a part of the military functions of the State.

"In the armory case the court said: 'Taxation is the rule, and exemption the exception. *Athens Waterworks Co.* v. *Athens,* 74 *Ga.* 413. The General Assembly has no authority whatever to exempt from taxation any species of property except those specifically mentioned in the Constitution. Anyone claiming an exemption from taxation must show an act of the General Assembly passed in pursuance of the Constitution, authorizing the exemption; and in construing such an act every doubt is to be resolved in favor of taxation and against exemption.'

"Even if the legislature could constitutionally exempt from taxation privately owned property used at the Farmers Market, there is no express declaration to that effect in the act of 1935 (Ga. L. 1935, p. 369), authorizing the establishment of Farmers Markets, nor is there an indication of any legislative intent to

effect such exemption. As is said by the court in the quotation above, 'Taxation is the rule and exemption is the exception . . every doubt is to be resolved in favor of taxation and against exemption'; such is the well-established rule.

"Apparently the armory case is still the law of this State, and I am of the opinion that the principle of that case is applicable to the present one. It is therefore ordered that the general demurrer of the defendants be and it is hereby sustained and the plaintiffs' petition is dismissed."

Judge Pharr has completely covered the subject, and what he has said is clearly sound law. This court being in accord with the above view taken, no further elaboration or discussion is deemed necessary, and it is adopted as the opinion of the court. The court below did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*