19657.   INTERNATIONAL  BUSINESS  MACHINES  CORP.
*v.* EVANS *et al.*

ARGUED APRIL 8, 1957—DECIDED MAY 13, 1957—REHEARING
DENIED JUNE 12, 1957.

*Robert H. Jones, Francis G. Jones, Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, Wm. L. Norton, Jr., Ben F. Johnson, Jr., Assistant Attorneys-General, David Hulbert,* contra.

DUCKWORTH, Chief Justice. The Constitution of Georgia declares the supreme law of this State to be the Constitution of the United States, the laws of the United States enacted pursuant thereto, and all treaties made under the authority of the United

States. Constitution, art. 12, sec. 1, par. 1 (Code, Ann., § 2-8001). No doubt, therefore, can be reasonably entertained as to the unflinching loyalty and respect of Georgia for the Constitution of the United States. But neither Georgia nor the United States can challenge or intentionally fail to conform completely with the imperishable truth expressed by Chief Justice Marshall in M'Culloch v. Maryland, 17 U. S. 316, 410 (4 Wheaton 316, 4 L. ed. 579), as follows: "In America, the powers of sovereignty are divided between the government of the Union, and those of the States. They are each sovereign, with respect to the objects committed to it, and neither sovereign, with respect to the objects committed to the other." That which the State Constitution forbids the legislature to do, the Constitution of the United States can not require done, and indeed it makes no attempt to require it. All parties whomsoever, including the United States, are charged with knowledge of all constitutional limitations which Georgia has placed upon the powers of her legislature. No valid claim can be based upon an act of the legislature which contravenes the Constitution. Such acts are by the State Constitution declared void, and it is made the duty of the judiciary so to declare them. Constitution, art. 1, sec. 4, par. 2 (Code, Ann., § 2-402). The Constitution denies to the legislature the power to surrender the sovereign right of the State to tax. Code (Ann.) § 2-5401. Nothing the legislature does, no matter how unambiguously it is expressed, can have validity if it offends Code (Ann.) § 2-5401. Nothing in the Constitution of the United States can confer upon the Georgia legislature, an iota of power to legislate for Georgia. We reject in toto all argument of counsel that the Constitution, Code § 1-125 (17), imposes or was intended to impose any duty whatever upon any State legislature to act. Its sole intent and meaning is to define the jurisdiction that will result if and when a State legislature by a valid law cedes jurisdiction or consents to purchase. Nothing said in Fort Leavenworth R. Co. v. Lowe, 114 U. S. 525 (5 Sup. Ct. 995, 29 L. ed. 264), Chicago, R. I. & Pac. R. Co. v. McGlinn, 114 U. S. 542 (5 Sup. Ct. 1005, 29 L. ed. 270), Surplus Trading Co. v. Cook, 281 U. S. 647 (50 Sup. Ct. 455, 74 L. ed. 1091), or Standard Oil Co. of California v. California, 291 U. S.

650 (54 Sup. Ct. 526, 78 L. ed. 775), constitutes a ruling by that court that a State legislature can enact a law ceding jurisdiction by consenting to a purchase if the State Constitution expressly forbids such action by the legislature. All that is said in those decisions, intimating that the cession or consent must be unqualified has been expressly, plainly, and unmistakably rejected in James v. Dravo Contracting Co., 302 U. S. 134 (58 Sup. Ct. 208, 82 L. ed. 155); Collins v. Yosemite Park & Curry Co., 304 U. S. 518 (58 Sup. Ct. 1009, 82 L. ed. 1502), and Stewart & Co. v. Sadrakula, 309 U. S. 94 (60 Sup. Ct. 431, 84 L. ed. 596). Also, the Congress has rejected any such idea by the provisions of 40 U. S. C. A. 98, § 255.

Exclusive legislative power is in essence complete sovereignty. That is, not only is the United States property immune from State taxation, but even private property located thereon, or private persons living thereon would likewise have complete immunity from State taxation. 84 C. J. S., Taxation, 62, § 12; S. R. A., Inc. v. State of Minnesota, 327 U. S. 558 (66 Sup. Ct. 749, 90 L. ed. 851). Therefore, once it is conceded that Code (Ann.) §§ 15-301, 15-302, and 15-303 are constitutional and valid, it must inevitably follow that exclusive legislative power now vests in the United States and none in the State of Georgia. In that event, the repeated rulings by this court that Georgia and her subdivisions are without jurisdiction to tax property not located within this State (*Montag Bros.* v. *State Revenue Commn. of Ga.,* 50 *Ga. App.* 660, 179 S. E. 563, *affd.* 182 *Ga.* 568, 186 S. E. 558; *Suttles* v. *Northwestern Mut. Life Ins. Co.,* 193 *Ga.* 495, 19 S. E. 2d 396; *National Mortgage Corp.* v. *Suttles,* 194 *Ga.* 768, 22 S. E. 2d 386; *Davis* v. *Penn Mut. Life Ins. Co.,* 198 *Ga.* 550, 32 S. E. 2d 180, 160 A. L. R. 778) become applicable.

In Howard v. Commissioners, 344 U. S. 624 (73 Sup. Ct. 465, 97 L. ed. 617), it was held that the tax there imposed by the City of Louisville was collectible without offending any Federal law, and a Federal statute was cited (4 U. S. C. §§ 105-110) and construed to authorize such tax. There is a discussion in that opinion to the effect that ceding lands, as was there done, did not cause them to cease to be a part of the territory of the State, but merely subjected them to the superior control of the United

States as fully as is necessary to accomplish the purpose for which they were acquired. We think the reasoning there is sound and realistic. But the Constitution, Code § 1-125 (17), declares that in such event—that is, when cession or consent by a State legislature has been given—exclusive legislative power vests in the United States. We believe the sounder reasoning for the conclusion reached by that court would be that no legislature, without express constitutional power, can surrender the State's sovereignty. Therefore, the attempt to surrender it is effective only to the extent of allowing the United States to own and use the land free from State interference by taxes or otherwise. But individuals can not be given such privileges.

During the oral argument, counsel for the taxpayer was asked if the legislative attempt to cede sovereignty over the few thousand acres here involved is held valid, would not such a ruling require this court to hold tomorrow that a legislative act ceding sovereignty to the entire territory of the State is valid? No sound answer was given. In Yellowstone Park Transp. Co. v. Gallatin County, 31 Fed. 2d 644, the court refused to answer a similar question, and stated that it would answer when such a case came for decision. This court is bound by its decisions, and to the utmost of our ability we follow them. We would never for one second deliberately render a judgment today that we would not be perfectly willing to follow tomorrow. If we would not today be willing to follow it tomorrow, we certainly will not render it today. It is inconceivable that this court would ever uphold an act of the legislature which surrendered the sovereignty of Georgia over every foot of Georgia's land. Such a ruling would even abolish this court. The legislature has no such power. The fact that we would not so hold is a compelling reason for our refusing to rule today that it can surrender sovereignty over a part of Georgia's territory.

Much emphasis is placed by counsel for the taxpayer on the opinion of the Fifth Circuit Court of Appeals in Mater v. Holley, 200 Fed. 2d 123. That decision was rendered by outstanding judges, but it does not control our decision here. It cites Surplus Trading Co. v. Cook, 281 U. S. 647, supra, for the statement that exclusive legislation means exclusive jurisdiction in the sense of

exclusive sovereignty. We agree with the statement and consider it sound. But the opinion then states that "The lands comprising Fort McPherson have been duly ceded to the United States by the State of Georgia," and cites acts of the Georgia Legislature which purport to do so. We reject this latter statement. Power does not lie in the Federal government to invest the legislature of Georgia with authority to legislate for this sovereign State, and any attempt to do so, whether by constitutional provision, congressional act, or judicial decision, would utterly fail. No such attempt has been made by either the Constitution or Congress, and we do not construe any court decision to constitute such an attempt. This court will not abdicate or yield its exclusive constitutional authority and duty to declare void any act of the legislature that offends the State Constitution. Nor do we construe any decision by the Supreme Court of the United States to even question this exclusive jurisdiction of this court. That portion of Code § 15-303, purporting to exempt and exonerate from "all State, county and municipal taxation" such ceded lands is in plain and direct violation of the Constitution, Code (Ann.) § 2-5401, and is void.

But it is contended by counsel for the taxpayer that the consent to purchase given in Code § 15-301 and the cession of exclusive jurisdiction in Code (Ann.) § 15-302 (Ga. L. 1890-1, p. 201; 1927, p. 352; 1952, p. 264) are not waivers of the State sovereign power to tax which is inhibited by the Constitution. The sole basis upon which tax immunity is claimed is the repeated rulings by the United States Supreme Court that cession of exclusive jurisdiction by the State forecloses all right of the State to tax private property located thereon. It can not be seriously denied, therefore, that if exclusive jurisdiction is ceded, the sovereign right to tax is by the very same act waived. To the extent that these two Code sections undertake to cede the State's right to tax they are also violative of the Constitution and void.

This does not mean that the United States is restricted in the full use of its property, free from any State interference. The legislative acts, Code (Ann.) §§ 15-301, 15-302, and 15-303, must be construed in pari materia with the Constitution. Code

(Ann.) § 2-5401. When thus construed, they mean that the United States has no right to prevent such taxation so long as such taxation in no wise interferes with the business of the United States. Taxing the private property could not conceivably interfere with the government's business. *Davis* v. *Smith,* 197 *Ga.* 95 (28 S. E. 2d 148); *Davis* v. *City of Atlanta,* 206 *Ga.* 652 (58 S. E. 2d 140); Thompson *v.* Union Pacific R. Co., 76 U. S. 579 (9 Wall. 579, 19 L. ed. 792); Railroad, Co. *v.* Peniston, 85 U. S. 5 (18 Wall. 5, 21 L. ed. 787); Smith *v.* Davis, 323 U. S. 111 (65 Sup. Ct. 157, 89 L. ed. 107). It could hardly be doubted that the United States is aware of the importance to government of taxation. That government would not wish to furnish a haven for tax dodgers. Unless this State attempt to tax is sustained, this private property will escape its just and fair burden of taxation. The State has not waived and can not waive its right to tax it, and indeed the Constitution demands that it be taxed. Code (Ann.) §§ 2-5401, 2-5404.

From what has been ruled in the foregoing opinion, Code (Ann.) §§ 15-301, 15-302, and 15-303 offend the Constitution (Code, Ann., § 2-5401), and are to the extent that they undertake to waive the sovereign right of Georgia to tax absolutely void. The sole ground upon which the petition seeks to defeat the county's attempt to tax the private property located therein being the abortive attempt by the legislature to waive the State's right to tax, the petition alleges no cause of action, and the court did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*