**19998. MACON COCA-COLA BOTTLING COMPANY v. EVANS, Tax Assessor, *et al.***

DUCKWORTH, Chief Justice. 1. All persons, companies, and corporations (except utilities) conducting any business upon realty not taxable in the county in which such persons reside shall return such personal property used in the business enterprise for taxation in the county in which the realty is taxable. Code § 92-6208. And a voluntary payment of taxes returned in the wrong county is not a ground to estop the proper county from collecting the tax on said property wherein the personalty is used in business. Code §§ 20-1007, 89-903.

2. Where Macon Coca-Cola Bottling Company, as contractor, had agreed in writing to maintain certain vending machines in operation at Robins Air Force Base in Houston County, Georgia, with the Base Post Exchange receiving the profit after the deduction of the wholesale price of the soft drinks, a certain rental for the vending machines, and such other amounts to cover unreturned empty bottles, and the contractor to be liable for taxes, insurance, etc., the location of such machines in Houston County was such a business enterprise of the contractor as to cause the personal property thus located in that county to be subject to ad valorem taxes in that county under Code § 92-6208. See *International Business Machines Corp.* v. *Evans*, 213 *Ga.* 333 (99 S. E. 2d 220). The location of the vending machines is at fixed locations in Houston County, and, as such, they are subject to ad valorem

taxation in that county when located there for business on the first day of January of each year. The statute is unambiguous and needs no further clarification.

3. And while the real property on which the personalty is located is exempt from taxation under the authority of Code (Ann.) § 92-201 (Ga. L. 1946, p. 12; 1947, p. 1183; 1955, pp. 262, 263), being public property of the general Government, this does not exclude the personalty, since all property is subject to taxation, under the authority of Code (Ann.) Ch. 2-54, and Code § 92-101, except that specifically exempt under Code (Ann.) § 2-5404 and Code (Ann.) § 92-201, supra. *International Business Machines Corp.* v. *Evans*, 213 *Ga.* 333, supra.

4. This court fully discussed and considered the constitutional attack here raised in *International Business Machines Corp.* v. *Evans*, 213 *Ga.* 333, supra. We consider that decision sound and decline the request to overrule it, and our decision here is controlled thereby. The court did not err in denying the injunction and in declaring the vending machines subject to ad valorem taxation in Houston County, Georgia.

*Judgment affirmed. All the Justices concur.*

Argued February 10, 1958—Decided March 7, 1958.

*Martin, Snow & Grant,* for plaintiff in error.

*Eugene Cook, Attorney-General, Ben F. Johnson, Deputy Assistant Attorney-General, Hugh Gibert, David Hulbert,* contra.