24213. FREEDMAN v. SCHEER, Administrator.

UNDERCOFLER, Justice. George M. Scheer, Jr., administrator with the will annexed of the estate of Harry Lewis Freedman, brought a declaratory judgment proceeding against Max Freedman as the sole heir at law of said testator to construe said will which devised his entire estate consisting of real and personal property to the State of Israel, a foreign country. The defendant contends that this bequest is void because the State of Israel is not a competent beneficiary under the laws of Georgia. The trial court entered a judgment declaring the State of Israel a competent beneficiary. The defendant appeals from this judgment. *Held:*

A sovereign country unless prohibited by its laws is competent to accept a devise. Dickson v. U. S., 125 Mass. 311 (28 AR 230) ; In re Huss, 126 N. Y. 537 (27 NE 784) ; In re Rahn's Estate, 316 Mo. 492 (291 SW 120, 51 ALR 877) ; Sultan of Turkey v. Tiryakian, 213 N. Y. 429 (108 NE 72). It is established that the State of Israel is a sovereign foreign country. United States Treaties and Other International Agreements (1954) Vol. 5, Part, 1, p. 550.

There is, however, another fundamental question involved here and that is the right of the testator to devise his property to a foreign country. The right to devise property by will is not an inherent right but one which is in the exclusive jurisdiction of the State of Georgia to grant. United States v. Fox,

94 U. S. 315 (24 LE 192); United States v. Burnison, 339 U. S. 87, 70 SC 503, 84 LE 675); 94 CJS 680, § 3; 57 AmJur 74, § 52. Liberal authority is granted testators of the State of Georgia under *Code* § 113-106 which provides: "A testator, by his will, may make any disposition of his property not inconsistent with the laws or contrary to the policy of the State. . . ." We do not find any laws or policy of this State that restrict a testator's disposition of his personal property to a friendly foreign country. The disposition of real property, however, is a different matter. The sovereignty and jurisdiction of the State of Georgia extends to all places within the limits of her boundaries except to the extent she has voluntarily ceded the same to the United States or adjacent States. See *Code Ch.* 15; *International Business Machines Corp. v. Evans*, 213 Ga. 333, 337 (99 SE2d 220). Accordingly, it follows that a testator has no authority to devise real property located in this State to a foreign country. At the same time, *Code* § 113-806 declares: "In the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law. . ." "When it becomes impossible to carry out the terms of a validly probated will in which a legal intention exists, a court of equity, in term or in vacation, will carry out the terms of the will by approximation, giving as nearly as possible full effect to the intentions of the testator." Redfearn on Wills (3d Ed.), 356, § 142; *Wikle v. Woolley*, 81 Ga. 106 (1) (7 SE 210). The will in the instant case clearly manifests an intention of the testator to give all of his property to the State of Israel and to empower his representative to administer the estate to this end. *Wetter v. United Hydraulic Cotton Press Co.*, 75 Ga. 540 (1a).

We hold, therefore, that the administrator with the will annexed of this estate may dispose of the real estate in accordance with the applicable law in order to satisfy the bequest and carry out the intentions of the testator. *Code Ann.* § 113-1706; *Code* § 113-1502.

*Judgment affirmed. All the Justices concur.*

Argued September 13, 1967—Decided October 20, 1967.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Alex W. Smith, Ronald W. Hartley, John W. Chambers,* for appellant.

*Shoob, McLain & Jessee, George M. Scheer, Jr., Scheer & Elsner,* for appellee.