A94A2231. CORNETT BRIDGE, INC. v. HALL COUNTY et al.
(454 SE2d 607)

McMURRAY, Presiding Judge.

Plaintiff Cornett Bridge, Inc. initiated this action for declaratory

judgment and injunctive relief seeking a determination of the proper tax situs of certain construction equipment used in its bridge construction business. The defendants are Banks County, Hall County, the City of Gainesville, and a number of officials of these entities.

Plaintiff uses two locations in connection with its business. Both sites are owned by plaintiff's president and sole shareholder and leased to the company. One is an office located in downtown Gainesville in Hall County which is the registered office of the plaintiff corporation. The construction equipment at issue has never been stored at the company's Hall County location which is not zoned to allow equipment storage and where it would not be physically possible to store the equipment. Administrative functions, including maintaining records, paying bills, and formulating bids are conducted at the Gainesville office.

The other site is a construction yard located in Banks County. The construction equipment is returned to the Banks County location when it is not in use on a project or when necessary for repair or maintenance. The exact percentage of time a specific piece of equipment is located at the Banks County location varies depending on the type of equipment involved. Some equipment is located the majority of the time at job sites while other equipment remains as much as 80 percent of the time at the Banks County construction yard. (Two cranes permanently stationed at the Banks County location are not at issue on this appeal.) In addition to equipment storage, the Banks County site is used for the construction of forms, specialized equipment, and as a rendezvous site for construction crews.

For the tax year 1991, plaintiff returned its construction equipment to Banks County and the equipment located at the Hall County office to Hall County. The Hall County tax assessors office refused to accept this return and both Hall County, along with the City of Gainesville, and Banks County assert that they are entitled to tax plaintiff's construction equipment. Plaintiff filed this action seeking a declaratory judgment as to which taxing authority had the right to tax its construction equipment. Following a hearing, the Superior Court of Hall County entered an order finding the tax situs of plaintiff's construction equipment to be Hall County and the City of Gainesville, and plaintiff appeals. *Held*:

OCGA § 48-5-16 (a) provides that: "Any person who conducts a business enterprise upon real property, which is not taxable in the county in which the person resides or in which the person's office is located, shall return for taxation the tangible personal property of the business enterprise to the tax commissioner or tax receiver of the county in which is taxable the real property upon which the business enterprise is located or conducted." Plaintiff contends that it maintains a separate business enterprise at the Banks County construction

yard so that pursuant to this statute the construction equipment must be returned to Banks County. In this connection, plaintiff enumerates as error the superior court's conclusion that plaintiff conducts only one business, bridge and box culvert construction and repair. We agree with plaintiff that the Banks County site represents a separate business enterprise. The case of *Macon Coca-Cola Bottling Co. v. Evans*, 214 Ga. 1 (102 SE2d 547) demonstrates that the permanent location and use of machinery in a county other than that of the residence or office of the taxpayer is sufficient to create such a business enterprise as will subject such personal property to ad valorem taxation in the county in which the machinery is located. Indeed, we note that the agreement entered between the parties at the hearing that two cranes permanently utilized at the Banks County site would be returned for taxation to Banks County is an implicit recognition that a separate business enterprise was being conducted on the Banks County site.

Nonetheless, this does not necessarily suggest that the construction machinery at issue is an adjunct of the business enterprise conducted at the Banks County construction yard. The use of the construction equipment being essentially transitory or temporary in nature, in order for it to acquire a situs for taxation in a county other than where the owner resides, it must be connected with a permanently located business enterprise in another county. *Collins v. Mills*, 198 Ga. 18, 27 (30 SE2d 866). Where as in the case sub judice the owner maintains permanent business enterprises in the county of its residence and in another county, a question of fact is presented as to which business enterprise the transitory personalty is more closely connected. Thus *O'Neal v. Whitley*, 177 Ga. 491 (170 SE 376) may be distinguished on the facts as that taxpayer had only one business location in the county of his residence. In *Joiner v. Pennington*, 143 Ga. 438 (1) (85 SE 318), a portable sawmill was held subject to taxation in the county of the owner's residence rather than in the county where it was temporarily located; therefore *Joiner v. Pennington*, supra, provides no guidance in choosing which business site the construction machinery is more closely connected.

Plaintiff also enumerates as error an allegedly incorrect application of the holding in *High Shoals Mfg. Co. v. Penick*, 127 Ga. 504 (56 SE 648), and application of the rule mobilia sequuntur personam to the personal property at issue in the case sub judice. To the extent which these enumerations of error may have merit, any error will be corrected by our direction that the error of law concerning the Banks County site's status as the location of a separate business enterprise requires that the judgment appealed be vacated and the case remanded for entry of new findings of fact and conclusions of law consistent with this opinion. Upon entry of a new judgment pursuant to

this direction, the party adversely affected may appeal therefrom within 30 days of entry of such judgment.

*Judgment vacated and case remanded. Beasley, C. J., and Pope, P. J., concur. Smith, J., disqualified.*

DECIDED FEBRUARY 23, 1995 —

*Burroughs & Lefevre, J. David Burroughs,* for appellant.

*David C. Jones, Jr., James E. Palmour III, Hulsey, Oliver & Mahar, R. David Syfan,* for appellees.