A95A0565. MIDDLEBROOKS et al. v. FLEET FINANCE, INC.
(456 SE2d 627)

BIRDSONG, Presiding Judge.

Andrew and Yvonne Middlebrooks, pro se, appeal the trial court's grant of a writ of possession to Fleet Finance, Inc.

After Fleet Finance filed a dispossessory warrant alleging the Middlebrooks were tenants at sufferance, the Middlebrooks answered denying that they were tenants at sufferance, denying that a landlord/tenant relationship existed, and denying that Fleet Finance had a cognizable claim of possession to the property. After a trial, however, the writ of possession was granted. The Middlebrooks' appeal contends the trial court erred by failing to include findings of fact and conclusions of law in the final judgment and by granting the writ of possession in light of a stay in bankruptcy. *Held*:

1. Fleet Finance's motion to dismiss the appeal is denied.

2. The Middlebrooks' claim that the trial court erred by failing to enter findings of fact and conclusions of law is without merit. Findings of fact and conclusions of law are not required unless a party requests them prior to the ruling by the trial court. OCGA § 9-11-52 (a); *Burks v. First Union Mtg. Corp.*, 209 Ga. App. 41 (432 SE2d 822). As the record shows no such request was made, findings of fact and conclusions of law were not required in this case.

3. The Middlebrooks also contend the trial court erred by granting a writ of possession in light of a stay in bankruptcy. Although the Middlebrooks filed a petition for bankruptcy on July 28, 1994, which entitled them to an automatic stay of proceedings under 11 USC § 362, the writ of possession which they contest was granted on July 18, 1994. As this judgment was entered prior to the automatic stay, the trial court did not err. Further, the execution of the writ of possession, in fact, was stayed until the United States Bankruptcy Court modified the stay by specifically authorizing Fleet Finance to continue this dispossessory proceeding.

4. Considering the issues raised on appeal and the total lack of merit to the Middlebrooks' arguments, we find no reasonable basis on which they could have anticipated reversal of the trial court's judgment. Accordingly, we assess a $200 penalty against appellants under Court of Appeals Rule 26 (b) for pursuing a frivolous appeal. The trial court is directed to enter judgment in such amount upon return of the remittitur in this case. See *Brayman v. Allstate Ins. Co.*, 212 Ga. App. 96, 97 (441 SE2d 285); *English v. Liberty Mtg. Corp.*, 205 Ga. App. 141, 143 (421 SE2d 286).

*Judgment affirmed with direction. Johnson and Smith, JJ., concur.*

DECIDED MARCH 13, 1995 —
RECONSIDERATION DENIED APRIL 10, 1995 — ▮▮▮▮▮▮▮▮▮

Dispossessory. DeKalb State Court. Before Judge Galbaugh, pro hac vice.

Andrew Middlebrooks, *pro se.*

*Tomlinson, Dennison & Hasty, Philip A. Hasty,* for appellee.