## A00A0990. PROGRESSIVE PREFERRED INSURANCE COMPANY v. AGUILERA et al.

(533 SE2d 448)

ELDRIDGE, Judge.

Progressive Preferred Insurance Company ("Progressive") appeals from the Hall County Superior Court's order in a declaratory judgment action initiated by Progressive. Finding no error, we affirm.

The record shows the following undisputed facts: In May 1996, two or more vehicles collided in North Carolina, allegedly injuring some of the occupants of the vehicles, Thomas and Macie Keith and Bernadette Little.[1] The Keiths and Little filed suit in North Carolina against the driver of one of the vehicles, Sotero Aguilera. Sotero Aguilera was employed by El Gallo, a company owned by his brother, David Aguilera. El Gallo was insured by an automobile insurance policy originally issued by Progressive in May 1995 and renewed in May 1996, a few days before the collision.

A few days before the May 1996 renewal, however, David Aguilera contacted a different insurance company about providing automobile insurance coverage for his business but was told that he would need to provide the names and driver's license numbers of all

---

[1] The Keiths and Little are not parties to this appeal.

of the drivers his business employed. David Aguilera did not have that information available at that time, and because his policy was about to expire, he contacted Progressive to renew with them. El Gallo renewed the Progressive policy and continued to pay premiums until the policy was canceled in February 1997, effective March 29, 1997. Even so, Progressive refused to defend or provide coverage to El Gallo for the North Carolina collision on the basis that the insurance policy was void under OCGA § 33-24-7 (b).[2] Progressive claimed that David Aguilera had misrepresented who would be driving the insured vehicles by failing to list the actual drivers, including Sotero Aguilera, on the insurance application.

The only issue for determination in the declaratory judgment action, then, was whether the policy was void because of David Aguilera's alleged misrepresentation. David Aguilera repeatedly denied that he had misled Progressive's agent in any way concerning who was driving the vehicles. According to his testimony, when he renewed the policy in May 1996, he specifically asked Progressive's agent if he would need the other drivers' personal information in order to renew and was told by the agent that Progressive did not require such information. David Aguilera stated in his affidavit that Progressive's agent specifically reminded him that the insurance company had paid a previous claim based upon a collision involving an El Gallo employee who was not listed on the insurance policy. Another witness who had accompanied David Aguilera to Progressive at the time of renewal corroborated this testimony and also testified that Progressive's agent assured David Aguilera that the company would pay if one of his drivers was involved in a collision.

Progressive's agent testified that, when David Aguilera renewed his policy in May 1996, she assisted him by filling out the renewal application for him to sign. She stated that she copied much of the information from the initial application, which had been completed in 1995. She also admitted that she discussed with David Aguilera the fact that other drivers were driving the company's vehicles. However, she testified that she told David Aguilera that the other drivers would need to be listed and that he needed to get that information to her. By affidavit, she also claimed to tell David Aguilera that, until

---

[2] Under OCGA § 33-24-7 (b),

[m]isrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: (1) [f]raudulent; (2) [m]aterial either to the acceptance of the risk or to the hazard assumed by the insurer; or (3) [t]he insurer in good faith would either not have issued the policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

such information was added to the policy, he should not let anyone else drive the company's vehicles. David Aguilera denied that Progressive's agent ever gave such warning.

After hearing this testimony and considering the other evidence of record, the trial court ruled that Progressive was obligated to defend and provide coverage to Sotero Aguilera in the North Carolina lawsuit. Progressive appeals this ruling. *Held*:

1. In its first enumeration of error, Progressive claims that the trial court erred in failing to make specific findings of fact in its November 1999 declaratory judgment, pursuant to OCGA § 9-11-52 (a), which reads as follows: "In ruling on interlocutory injunctions and in all nonjury trials in courts of record, the court shall *upon request of any party made prior to such ruling*,[3] find the facts specially and shall state separately its conclusions of law." (Emphasis supplied.) See also *Middlebrooks v. Fleet Finance*, 217 Ga. App. 263 (2) (456 SE2d 627) (1995) (holding that findings of fact and conclusions of law are not required unless a party requests them prior to the trial court's ruling). The findings of fact serve three purposes, as follows: (1) they aid the trial judge's process of adjudication; (2) they assist in the determination of issues involving res judicata and estoppel by judgment; and (3) they aid the appellate court on review. *Greene County v. North Shore Resort &c.*, 238 Ga. App. 236, 240 (2) (517 SE2d 553) (1999).

Progressive claims that it requested that the trial court find the facts specially by including such request in a consolidated pretrial order dated August 9, 1999, nunc pro tunc November 4, 1998. The alleged requests for findings were framed as "issues for determination by the jury."[4] However, most of the issues did not involve disputed facts, and the remaining issues solely involved witness credibility.

---

[3] In its brief to this Court on this issue, Progressive repeatedly and exclusively cites to cases which hold that the trial court is required to issue written findings of fact in nonjury trials, *regardless of whether a request was made by the parties*. However, these cases were decided before the statute was amended in 1987 to require a party to make a prejudgment request for such findings. See Ga. L. 1987, pp. 1057, 1058, § 1.

[4] In the order, Progressive asked for the jury to determine the following factual issues: 1) Was David Aguilera asked by agents with Progressive Preferred Insurance Company to list all drivers of his vehicles? 2) Was David Aguilera informed, before May 31, 1996, that he would have no coverage if an accident occurred while one of the unlisted drivers was operating one of his vehicles? 3) Did Sotero Aguilera drive one of David Aguilera's vehicles both before and after May 28, 1996 when the accident that is the subject of this lawsuit occurred? 4) Did David Aguilera ever list Sotero Aguilera as a driver on his policy? 5) Would Plaintiff have charged a higher premium if it had known the true facts? The plaintiff also requested a "special interrogatory verdict question form" for the jury to use in resolving these issues and suggested that the above questions were "some of the possible questions" that could be included in the special verdict form.

Further, on January 19, 1999, Aguilera's attorney sent a letter to the trial court which stated as follows:

I have discussed with Progressive's attorney Brett Shur, the fact that *neither of us feels that there are any genuine issues of material fact in this case. There is really nothing for a jury to decide in this case*, and I am therefore enclosing a Withdrawal of Jury Demand in this case.

(Emphasis supplied.)

A bench trial was conducted on August 18, 1999. The parties did not submit proposed findings of fact to the trial court after the above communications or before judgment. The trial court entered the following order on November 16, 1999:

Based upon the evidence and application of the law thereto, the Court finds in favor of [all defendants]. The Court finds that Progressive Preferred insurance company must defend and provide coverage for its insured, David Aguilera and Sortero [sic] Aguilera.

After the order was issued, Progressive waived the opportunity to request that the trial court amend its order to include findings of fact under OCGA § 9-11-52 (c).[5]

Under these circumstances, this Court finds that Progressive's alleged pretrial request for written findings of fact was legally insufficient under OCGA § 9-11-52 (a) to mandate that the trial court issue such findings. See *Gold Kist v. Wilson*, 220 Ga. App. 426, 427-428 (1) (469 SE2d 504) (1996) (noting that a similar pretrial request was insufficient under OCGA § 9-11-52 (a), which requires a "formal" request on the record). As such, there was no error.

2. In its second enumeration, Progressive contends that the trial court erred in entering the declaratory judgment against it because the evidence presented allegedly supported a ruling in its favor. However, the appellate standard of review for nonjury trials of disputed material facts is the clearly erroneous test, also known as the "any evidence" rule. *Hirsch v. Joint City County Bd. &c.*, 218 Ga. App. 881, 882 (1) (463 SE2d 703) (1995). As such, the sole question for determination on appeal is "whether there is any evidence to authorize [the trial court's] judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it." (Citations and punc-

---

[5] OCGA § 9-11-52 (c) gives a party 20 days after the entry of judgment to request that the trial court make or amend its findings and the judgment thereon. Further, a party's failure to request specific findings of fact within 20 days of the judgment waives appellate consideration of any ground of appeal that requires consideration of such findings. Id.

tuation omitted.) *Mills v. Berlex Laboratories*, 235 Ga. App. 873, 875 (510 SE2d 621) (1999). This is true regardless of whether evidence *also* existed that may have supported Progressive's position. Id. "In the absence of legal error, an appellate court is without jurisdiction to interfere with [a] judgment supported by some evidence." (Citations and punctuation omitted.) Id.

Pretermitting the issue of whether OCGA § 33-24-7 (b) can be applied to retroactively cancel a commercial automobile insurance policy,[6] there was evidence in the record that David Aguilera did not intentionally misrepresent, omit, conceal, or incorrectly state the material facts during his dealings with Progressive. See OCGA § 33-24-7 (b). In the absence of such misrepresentations, Progressive was required to defend El Gallo and its employees under the policy. Id. Therefore, the evidence supported the trial court's judgment in this case.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 11, 2000.

*Shur, McDuffie, Brockman & Leveille, Brett F. Shur,* for appellant.

*E. Wycliffe Orr,* for appellees.

---

[6] See OCGA §§ 33-24-44; 33-24-45; *Ga. Farm &c. Ins. Co. v. Phillips*, 251 Ga. 244, 246 (304 SE2d 725) (1983); *Sentry Indem. Co. v. Sharif*, 248 Ga. 395, 397 (282 SE2d 907) (1981); *Pearce v. Southern Guaranty Ins. Co.*, 246 Ga. 33, 38-39 (268 SE2d 623) (1980).