A00A2588. BANKS COUNTY et al. v. CORNETT BRIDGE, INC. et al.
(544 SE2d 457)

BARNES, Judge.

Cornett Bridge, Inc., a company engaged in the business of constructing and repairing bridges and box culverts, uses two locations. Its headquarters and management office is located in downtown Gainesville, Hall County, and its equipment yard is located in Banks County. Cornett Bridge filed a complaint for declaratory judgment and injunctive relief, seeking a determination as to the proper situs for purposes of ad valorem taxation of certain of its construction equipment. The defendants in this action are Banks County, Hall County, the City of Gainesville, and several officials of those entities. The case was tried before the court without a jury under stipulated facts. We affirm the trial court's ruling that the equipment shall be taxed by Hall County and the City of Gainesville.

This is the second appearance of this case before this Court. The relevant facts are set forth in the previous opinion and need not be fully reiterated here. See *Cornett Bridge, Inc. v. Hall County*, 216 Ga. App. 397 (454 SE2d 607) (1995). In the first appearance, we determined that the Banks County site was a separate business enterprise from the Hall County site and ruled that where "the owner maintains permanent business enterprises in the county of its residence and in

another county, a question of fact is presented as to which business enterprise the transitory personalty is more closely connected." Id. at 399. We remanded the case for entry of new findings of fact and conclusions of law.

After hearings and consideration of the entire record, the trial court found that the "business enterprise" of the Hall County site is the construction and repair of bridges and culverts and that the "business enterprise" of the Banks County site is the storage and maintenance of equipment. Finding that Cornett Bridge uses the equipment at issue in the actual construction and repair of bridges, the trial court determined that the equipment is more closely connected to the business enterprise in Hall County. The trial court stated that although the transitory equipment may have some temporary physical contact with the storage and maintenance site in Banks County, it does not therefore become more closely associated with that location due to its contact. The trial court also distinguished the equipment at issue from the tools and equipment that Cornett Bridge uses to repair and maintain its equipment. The trial court ordered that the equipment be taxed by Hall County and the City of Gainesville and denied injunctive relief. Banks County appeals.

In its sole enumeration of error, Banks County contends that the trial court erred in ruling that the transitory equipment is more closely connected to the Hall County business enterprise. It argues that the trial court's "weighing equation" is flawed, claiming that the trial court ignored certain facts. Further pointing to other evidence, Banks County asserts that the "scales are tipped" in its favor.

Cornett Bridge argues in its brief supporting Banks County that the trial court failed to recognize its Banks County site as a separate business enterprise, as this Court previously determined. It also urges that because Banks County bears the costs of the Banks County site, i.e., providing law enforcement and waste management, Banks County should collect the taxes.

The question as to which business enterprise transitory personalty is more closely connected is one of fact. *Cornett Bridge*, supra, 216 Ga. App. at 399. This Court will not interfere with the findings of fact of a trial court's nonjury judgment where there is "any evidence" to support it. *Mills v. Berlex Laboratories*, 235 Ga. App. 873, 875 (510 SE2d 621) (1999); *Logan Paving Co. v. Massey-Ferguson Credit Corp.*, 172 Ga. App. 368, 370 (323 SE2d 259) (1984). We construe the evidence to uphold the judgment rather than upset it. *Mills*, supra, 235 Ga. App. at 875. Even if contrary facts argued by the appellant are supported by the record, we will not set aside the trial court's findings when they are also authorized by the evidence. Id.

Here, the trial court's findings are supported by stipulated facts. Further, the president and sole stockholder of Cornett Bridge

deposed that the equipment is "either at the job site or on the yard. If we're not using it, we put it on the yard. . . . [T]he equipment is there for servicing. It's there when we're not using it, storage."

Because there is some evidence to support the trial court's finding that the transitory equipment is more closely connected to the Hall County business enterprise, we must affirm.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 28, 2000.

*David C. Jones, Jr.,* for appellants.

*Harvey, McCormack & Free, Walter B. Harvey, Whelchel & Dunlap, Thomas M. Cole, James E. Palmour III,* for appellees.

James S. Cornett, Sr., *pro se.*