WESTERN & ATLANTIC RAILROAD COMPANY *v.* HIX.

An ordinance of a municipal corporation can not be proved by the introduction of a book purporting to contain the published ordinances of the city, upon the parol testimony of a witness that such book was published by authority of the city.

Argued February 16, — Decided April 1, 1898.

Action for damages. Before Judge Fite. Whitfield superior court. April term, 1897.

The suit was on account of personal injuries which the plaintiff received, as he alleged, by the negligent running of a railroad-train through the city of Dalton. He introduced in evidence a book containing what purported to be an ordinance of that city, forbidding the running of trains beyond a limited speed, etc. It was admitted over defendant's objection that the original ordinance, or a copy under the certificate and seal of the city clerk, would be better evidence;ʹ and this ruling was excepted to.

*Payne & Tye* and *R. J. & J. McCamy*, for plaintiff in error. *Jones, Martin & Jones*, contra.

LEWIS, J. The question presented by the record in this case for determination is, whether or not an ordinance of a municipal corporation can be proved by theʹ introduction of a book purporting to contain the published ordinances of a city, upon

the parol testimony of a witness that such book was published by authority of the city. By the act approved September 19, 1891 (Acts of 1890–91, vol. 1, p. 109), it is provided that "exemplifications of the records and minutes of the proceedings of municipal corporations of this State shall, when certified by the clerks or keepers of such records respectively, of such municipal corporations, under seal, be admitted in evidence in the courts of this State, under the same rules and regulations as exemplifications of the records of the courts of record of this State are now by law admitted in evidence." In the case of *Metropolitan Street R. R. Co.* v. *Johnson*, 90 *Ga.* 500, it was held that "A municipal ordinance may be proved by the production of the original book of ordinances, identified as such by the clerk of the corporation and shown to have come from his custody"; this court holding that notwithstanding the act above quoted makes an official certified copy evidence, it is not the exclusive evidence. From the statute and decision above quoted it will be seen that there are at least two ways in which a municipal ordinance may be proved: first by an official certified copy thereof under seal; or, secondly, by the production of the original book of ordinances, identified as such by the clerk of the corporation and shown to have come from his custody.

The ordinance in the present case was admitted in evidence, over the objection of the defendant, upon the testimony of a witness who swore that the book containing the same was a compilation of the city ordinances of Dalton published by authority of the city of Dalton as their laws. That the witness stated simply that this book was published "by authority of the city of Dalton" would not render it competent evidence. It was not even shown that any municipal ordinance or law was passed authorizing the publication, nor that it was adopted by the proper city authorities as a compilation of its book of ordinances. *City of Columbus* v. *Ogletree*, 102 *Ga.* 294. It was an unauthentic copy, so far as this record discloses, and was purely secondary evidence. We think, therefore, that the court erred in admitting the same in evidence. ·

*Judgment reversed. All concurring, except Cobb, J., absent.*