WESTERN AND ATLANTIC RAILROAD *v.* PETERSON.

*Tye, Thomson & Tye* and *Morris, Hawkins & Wallace,* for plaintiff in error.

*George & John L. Westmoreland* and *J. E. Mozley,* contra.

ATKINSON, J.   A railroad company operates a line of railroad between Atlanta, Georgia, and Chattanooga, Tennessee, and passes through the City of Marietta, Georgia.. A resident of the State of Illinois, with a companion from the same State, was returning to Illinois from the State of Florida in his automobile. While he was driving west on Kennesaw Avenue "in the City of Marietta" and in the act of crossing the railroad-track, a southbound train of the railroad company bore down upon him, demolishing the automobile and inflicting personal injuries. In a suit for damages, after verdict for the plaintiff, the defendant's motion for new trial was overruled.

■  The sixth paragraph of the petition alleged that plaintiff and his companion were wholly unacquainted with the fact that the *highway* crossed the railroad-track at that point, and were unaware of the railroad-crossing until they were upon it; also that the night was cloudy and foggy, and "they were unaware of the approach of the said train until they saw the headlight thereof, when the train was so near that it was impossible for the driver of said automobile to escape being hit by the engine of said train." This was amended by alleging that the train was "within one hundred feet of the crossing" when they discovered its "approach." In another paragraph it was alleged that the train was running at the rate of thirty-five miles per hour. . The sixth paragraph of the petition as amended, considered in connection with the allegations in other portions of the petition as to the speed of the train, was not subject to special demurrer upon the ground that the allegations thereof were mere statements of conclusions of the pleader, and were too vague and indefinite in that they failed to state how far from the railroad-track the plaintiff and his companion were when they saw the headlight of the train. Fairly construed the allegations stated substantially that the plaintiff and his companion were on the railroad-track at the time they saw the headlight of the train. The allegations do not bring the case within the rulings in *Blackstone* v. *Central of Georgia Ry. Co.,* 105 *Ga.* 380 (31

262

S. E. 90), and *Seaboard Air-Line Railway* v. *Olsen*, 123 *Ga.* 612 (51 S. E. 591).

■ In paragraph 7 of the petition it was alleged: "That the plaintiff is informed and believes and so charges that the said crossing is a dangerous crossing and the defendant had no watchman, guard, or other warning there to protect travelers from going on the railroad-track when trains were approaching, and this was negligence on the part of the defendant, its agents and servants." This paragraph was not subject to dismissal on special demurrer on the grounds that the allegations were mere statements of conclusions of the pleader, and that when considered in connection with other allegations of the petition they were insufficient to charge negligence.

■ In paragraph 9 of the petition as amended it was alleged: That plaintiff "was injured by the running of said train, by and through the negligence of the defendant, its agents and servants, as follows: (a) That the defendant's agents and servants, who were operating said train in approaching the crossing of said highway with the railroad-track, failed and neglected to give any warning of the approach of said train by . . ringing the bell or otherwise. (b) That the defendant was negligent in running said train at a reckless and negligent rate of speed over said crossing, to wit: at the rate of 30 to 35 miles per hour. (c) That the defendant was negligent in approaching said crossing without having the said train under control, so as to be able to stop the same before hitting the automobile upon discovering its position of danger. (d) That defendant was negligent in failing to keep a lookout for persons crossing its railroad-track on said highway as the same is crossed almost constantly by travelers by day and night. (e) That defendant was negligent in running its said train at a greater rate of speed than ten miles per hour in violation of the ordinance of said City of Marietta." The allegations contained in the foregoing subparagraphs (a), (b) and (c) are not subject to dismissal on special demurrer on the grounds that the allegations are mere conclusions of the pleader and are insufficient in law, when standing alone or in connection with the further allegations of the petition, to charge negligence.

■ In the twelfth paragraph of the petition it was alleged: "That the plaintiff was 46 years of age at the time of his in-

juries, was healthy and strong, and was capable of earning and was earning the sum of three hundred dollars per month; but his capacity to labor and earn money has been diminished one fourth by said injuries for the balance of his life, as his said injuries are permanent." A demurrer was interposed to so much of this paragraph as alleged that the plaintiff "was capable of earning and was earning, the sum of three hundred dollars per month," upon the ground that such allegation was too vague and indefinite, because it was not alleged how or in what manner the plaintiff was "capable of earning and was earning the sum of three hundred dollars per month," and it was not alleged in what capacity the plaintiff was engaged or "for whom the plaintiff was working." If, on demurrer to the petition as a whole, the defendant would have been entitled to have the plaintiff make allegations of the character mentioned, in order to enable it to properly prepare its defense, the grounds of objection taken were not sufficient to require the striking of paragraph 12 of the petition.

The following paper was introduced without objection:

"Section 104 of the City Ordinances of Marietta. . . No railroad company, nor any person in charge of any train of cars, car, or locomotive, shall run the same within the corporate limits of said city at a greater speed than ten miles per hour. The conductor and engineer, either or both, in charge of such cars or locomotive, shall be responsible for the running of the same, and on conviction of a violation of this section shall be fined not more than one hundred dollars or be imprisoned in the calaboose or confined at labor on the said streets of the city not more than fifty days for each offense.

"Georgia, Cobb County. City of Marietta. I, W. C. Carriker, Clerk of the City of Marietta and Clerk of Mayor and Council of the City of Marietta, Georgia, do hereby certify that I am the custodian of the records, books, papers, laws and ordinances of said city, and that the foregoing is a true and correct copy of Ordinance No. 104 or section 104 of the City Ordinances of the City of Marietta of the file in my office."

Later during the trial a motion was made to exclude said section 104 from evidence, on the ground that it did not appear on the minutes of council and had not been adopted as an ordinance. On this motion extraneous evidence was introduced, which showed that

said section 104 was copied by the clerk of the city council from a printed pamphlet in the office of the clerk, ·commonly used by the municipality as a code of ordinances and purporting to have been prepared by Fred Morris, and was not copied from anything appearing on the minutes of council; also that the pamphlet did not appear on the minutes of council. The following appeared on the minutes of council:

"Council Proceedings. Marietta, Ga., Feb. 6th, 1905. Regular Meeting of Council. Present, Mayor J. E. Mozley and full board of council, except Dobbs and Brumby. Minutes of last regular and called meetings were read, and on motion adopted. After having obtained unanimous consent of all the councilmen present, the new ordinances, as compiled by Attorney Fred Morris, was approved and adopted. On motion, council adjourned to Tuesday, Feb. 7th, till 7:30 o'clock p. m.

J. M. Austin, Clerk.      Approved. J. E. Mozley, Mayor."

There was parol evidence to the effect that the attorney mentioned in this excerpt from the minutes of council, who had been employed "to make out and compile" the "city ordinances," made a printed or typewritten report of ordinances which included said section 104, but it could not be stated that the pamphlet above referred to was the original compilation submitted by the attorney to the city council for adoption. It is declared in the Civil Code (1910), § 5803: "Exemplifications of the records and minutes of municipal corporations of this State, when certified by the clerks or keepers of such records, under seal, shall be admitted in evidence under the same rules and regulations as exemplifications of the records of the courts of record of this State." In *Metropolitan Street Railroad Co.* v. *Johnson,* 90 *Ga.* 500 (16 S. E. 49), reference was made to the above statute, and it was held that a certified copy is not the exclusive evidence of·a municipal ordinance, but that "a municipal ordinance may be proved by the production of the original book of ordinances, identified as such by the clerk of the corporation, and shown to have come from his custody." In *Western & Atlantic Railroad Co.* v. *Hix,* 104 *Ga.* 11 (30 S. E. 424), it was held: "An ordinance of a municipal corporation can not be proved by the introduction of a book purporting to contain the published ordinances of the city, upon the parol testimony of a witness that such book was published by authority of the city."

In that case the "book purporting to contain the published ordinances of the city" embraced the ordinance in question, and the book was admitted on the testimony of a witness "who swore that the book containing the same was a compilation of the city ordinances" published "by authority of the city . . as their laws." It was said in the opinion that such testimony would not render the book competent. Under this decision, the testimony of the clerk of council and the other witnesses as to the pamphlet in question being the code of ordinances of the city would not have rendered the pamphlet competent evidence.

In *Nashville, Chattanooga & Saint Louis Railway* v. *Peavler*, 134 *Ga.* 618 (68 S. E. 432), it was held: "Where city ordinances were codified, and such codification was adopted by an ordinance, and the clerk of the council and keeper of the records copied and certified a section of such codification, and also prepared and certified from the record a copy of the adopting ordinance, this was sufficient to authorize the admission in evidence of the copy of the section of the city code." Under this decision it would be competent to adopt a code of ordinances, by one ordinance. In this case the ordinance of February 6, 1905, adopting "the new ordinances as compiled by Attorney Fred Morris," appeared on the minutes of council, and the original minute-book showing that ordinance was competent evidence of its existence. But this ordinance does not show the contents of the "new ordinances as compiled by Attorney Fred Morris." To supply that information resort must again be had to the testimony of witnesses to establish identity of the ordinances that were presented by the attorney for adoption. The supposed ordinance section 104 involved in this case is penal, and should not apply unless it appears by competent evidence to be an expression of formal corporate action. As indicated above, the only competent evidence of corporate action was the ordinance of February 6, 1905, which did not state the contents of said section 104. The testimony of witnesses relied on to connect the ordinance of February 6, 1905, with the "pamphlet" from which the certified copy of section 104 was taken was indefinite and uncertain as to identity of the paper that was actually presented by the attorney to the councilmen for adoption. That is no more than should be expected after the elapse of so many years; and it affords an example for reason why a penal ordinance

should be definite, and why its existence should not be left to the uncertainties of parol evidence. It was erroneous for the judge to overrule the motion to exclude from evidence the certified copy of section 104 as taken from the pamphlet called the code of city ordinances.

■ The judge erred in allowing the clerk of council to testify, over objection, that "the city is being operated by authority and under the provisions of the ordinances contained in that book" (referring to the printed pamphlet), over the objection that parol evidence was not admissible for such purpose.

■ The plaintiff as a witness in his own behalf testified that as a result of the injury he was unable to return to work for a period of three months. On cross-examination the witness was asked: "You had an accident-insurance policy when you were hurt? A. Yes sir." "And you settled it by taking two weeks and one day disability?" On objection interposed by the plaintiff that the evidence was irrelevant, the judge rejected the answer to the first question, and refused to allow the answer to the second question. Error is assigned upon the ruling, on the ground that it abridged the defendant's right of a thorough and sifting examination of the plaintiff, and that the defendant was entitled to prove the facts inquired about as tending to contradict the testimony of the witness on his direct examination. "'The right of cross-examination, thorough and sifting,' which 'belongs to every party as to the witnesses against him,' should not be abridged, especially where the witness is the opposite party to the cause on trial, and has testified for the purpose of making out his own case." *Barnwell* v. *Hannegan*, 105 *Ga.* 396 (31 S. E. 116) ; *Atlantic Coast Line Railroad Co.* v. *Powell*, 127 *Ga.* 805 (5) (56 S. E. 1006, 9 L. R. A. (N. S.) 769, 9 Ann. Cas. 553) ; *Becker* v. *Donalson*, 133 *Ga.* 864 (4) (67 S. E. 92). The refusal to allow the questions to be answered was an unauthorized abridgement of the right of cross-examination of the witness.

■ The judge instructed the jury "that at the time of the alleged injury and damage to the plaintiff, there was in effect in this State a statute which provided that a person operating an automobile along one of its public highways, approaching a railroad crossing, should have the automobile under control, and should not operate it at a rate of speed in excess of ten miles per hour." Im-

mediately following this the judge charged as quoted in the next succeeding division. In the absence of a timely written request, it was not error to omit to charge that a violation by the plaintiff of the statute referred to in the foregoing excerpt would constitute negligence as a matter of law upon the part of the plaintiff.

■ After charging as above indicated, the judge charged: "The defendant in this case insists that the plaintiff was in control of the movements of the automobile in which he was riding at the time it is contended that he sustained the injuries and property damage, and that the manner of the operation of said automobile was in violation of this provision of our law; and if you find that the injury to the plaintiff or his property was caused by the driving of an automobile upon that railroad crossing at a rate of speed in excess of that allowed by law, and in disregard of visible signs and audible signals of the approach of the train by which the automobile was struck, he would not be entitled to recover in this case; or rather, I should say, that if he did violate the law in question on the occasion under investigation, and that if he had not operated his automobile in violation of the law that his injury and damage would not have occurred, then the plaintiff can not recover, however negligent the defendant or its employees may have been." This was appropriate to one theory of the defense, and did not exclude the doctrine of contributory negligence or other theories of defense, which were sufficiently covered in the general charge.

■ The court instructed the jury: "There is alleged, gentlemen, in the plaintiff's petition the existence of an ordinance of the town of Marietta where the injury is alleged to have occurred, regulating the rate of speed of railway trains passing through the city, and there has also been introduced in evidence a certified copy of an alleged ordinance of the City of Marietta relative to this subject-matter. I charge you that if you find that at the time of this alleged injury the engineer in charge of the locomotive of the defendant was operating its train in violation of the ordinance of the City of Marietta which is pleaded in the plaintiff's petition, his action in so doing constituted negligence per se, that is to say, negligence as a matter of law. I charge you, however, that the existence of such negligence on his part, if it did exist, would not necessarily authorize a recovery in favor of this plaintiff. It must further appear, before he would be authorized to recover, if those

were the facts, that such negligence on the part of the engineer was the proximate cause of the injury to the plaintiff or his property." The inadmissibility in evidence of the alleged municipal ordinance, as pointed out in division 5 of this decision, rendered this charge inappropriate.

■ The court instructed the jury: "You will have the pleadings out before you; and it is your province and privilege to refer to them as often as you may see fit, in order to ascertain exactly what the various contentions of the parties are." The evidence introduced at the trial, while conflicting, tended to support the allegations of the petition, and the charge complained of was not erroneous for any reason assigned.

■ The court instructed the jury: "I charge you that when it is made to appear that a person has been injured, or his property damaged, in the operation of a locomotive and train of cars of a railroad company, the presumption of negligence arises, and the burden shifts to the defendant railroad company, in an action of this sort, where proof of damages or injury has been made, to show that it and its employees exercised ordinary care and diligence in each of the particulars which are in the petition alleged as negligence." The only exception to this charge was that it was violative of the equal-protection and due-process clauses of the 14th amendment to the Federal constitution. In the brief of the attorneys for the plaintiff in error it is stated that the charge is predicated on the Civil Code (1910), § 2780, which declares a statutory presumption against railroad companies in cases in which injury occurs to person or property caused by the running of locomotives, cars and machinery of the company, and that the statute is violative of the above provisions of the Federal Constitution. No such attack was made upon the statute in the exception to the charge, and no ruling will be made on the constitutionality of the statute.

*Judgment reversed. All the Justices concur, except* Russell, C. J., and Hines, J., who dissent from the rulings in the fifth, sixth, and tenth divisions of the opinion.