26530.  WESTERN & ATLANTIC RAILROAD *v.* SWIGERT.

DECIDED FEBRUARY 5, 1938.

*Walton Whitwell, J. G. B. Erwin,* for plaintiff in error.

*J. H. Paschall,* contra.

FELTON, J. 1. As this case is to be tried again, the question as to whether the court erred in not stopping the case and granting a continuance, where a defendant's witness, on whom a subpœna was not shown to have been served personally, was not present when the trial began, but who was sent for by the court but who was not physically able to attend, will not be passed upon as the question will not likely arise again.

2. It was error for the court to fail to charge the jury that the deceased driver of the automobile, for whose death this action was brought, would be guilty of negligence per se if he violated the valid speed ordinances of the City of Calhoun, as contended by the defendant. *Folds* v. *Augusta,* 40 *Ga. App.* 827 (151 S. E. 685); *Central of Georgia Railway Co.* v. *Mann,* 48 *Ga. App.* 668 (173

S. E. 180) ; *Mason* v. *Frankel,* 49 *Ga. App.* 145 (174 S. E. 546) ; *Davis* v. *Hopkins,* 50 *Ga. App.* 654 (179 S. E. 213) ; *Jackson* v. *Seaboard Air-Line Railway Co.,* 140 *Ga.* 277 (78 S. E. 1059).

3. It was error to admit in evidence a document purporting to be a certified copy of an ordinance of the City of Calhoun, regulating the speed of trains in the City of Calhoun, where it appeared that it was taken from the minutes of city ordinance book of acts of 1902, but does not appear that the book of acts was ever adopted by the authorities of the City of Calhoun. *Western & Atlantic Railroad Co.* v. *Hix,* 104 *Ga.* 11 (30 S. E. 424) ; *Nashville, Chattanooga & St. Louis Railway* v. *Peavler,* 134 *Ga.* 618 (68 S. E. 432) ; *Western & Atlantic Railroad* v. *Peterson,* 168 *Ga.* 259 (147 S. E. 513).

4. It was not error to admit in evidence a certified copy of the minutes of the mayor and board of aldermen of the City of Calhoun as follows: "A motion by Richards and seconded by Jackson to increase the speed limit to twenty miles per hour on straight streets and ten miles per hour around curves, voted on and passed. F. L. Hicks, as mayor; R. J. Jones, city clerk." In the absence of evidence to the contrary, it will be presumed that the motion amended a previous ordinance fixing the speed of vehicles on straight streets and around curves. See *Padrosa* v. *Amos,* 175 *Ga.* 413 (165 S. E. 248). Formality in the wording and passage of municipal ordinances is not required unless required by the charter or ordinances. No such requirements appear in this case.

5. It was not error to refuse to give the following requested charge: "If you find from a preponderance of the evidence that the collision in question was due to the act of the deceased in driving the automobile upon the crossing so suddenly and immediately in front of the train as to make a collision inevitable, there can be no recovery and your verdict must be in favor of the defendant." This request does not state a correct principle of law in that it would authorize a verdict for the defendant if it were more negligent than the deceased.

6. It was not error to refuse to give the following requested charge: "I charge you that the law does not require impossibilities of railroad companies, and if you from a preponderance of the evidence [find] that the plaintiff's husband, from a place of safety, drove his automobile on the crossing so suddenly and immediately

in front of the locomotive in question that the agents and servants of the defendant could not avoid the collision, there can be no recovery and your verdict must be for the defendant." This request to charge does not state a correct principle of law because it does not take into consideration that the plaintiff contends and seeks to prove that the train was running at an excessive speed in violation of a city ordinance.

7. It was not error to refuse to give the following requested charge: "A railroad-track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track. This is true without regard to where the place is, whether in the country where pedestrians are not expected to be, or at a public crossing, or at a street crossing, or at the stations and depots of the railroad company where persons are expected and invited to be present. No matter where the track is located, any person who goes upon the same is bound to know that he is going upon a place where his presence may be attended with more or less danger." This request does not state a correct principle of law. It has been held that a railroad track is a place of danger, but this request implies that the same degree of danger is attended with the going upon the tracks regardless of where located, and implies therefore that the railroad owes the same degree of care to any person who goes on the tracks regardless of whether that person is a trespasser or not.

8. There was no error in refusing to give the following requested charge: "If a traveler on a public highway, in approaching a public crossing over a railroad track, looks for an approaching train at a place where he can not see, or listens at a place where he can not hear, and there are other places in his approach to the crossing from which he can see or hear, or both see and hear, an approaching train, and you find an ordinarily prudent person would have looked and/or listened at such place, and he does not avail himself of the opportunity to look and listen for a train at such place or places as an ordinarily prudent person would have exercised such precautions, he has not discharged the duty of exercising ordinary or reasonable care for his own protection and safety and can not recover." Besides being somewhat ambiguous, this request assumes that the deceased could not have heard

the train from where he is alleged to have failed to look and listen, when the evidence shows he could have heard the train and such alarms as were given.

9. The assignments of error on the refusal to give in charge special requests numbers 11, 19, 20, and 23 can not be considered because it is not shown that they were made in writing.

10. Since a new trial is granted, no ruling will be made as to whether the verdict was excessive.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., concurs in the judgment.*