## 38945.  CITY OF WAYCROSS v. BOATRIGHT.

Decided October 19, 1961.

*Wilson G. Pedrick, Q. L. Garrett,* for plaintiff in error.

*J. Baker McGee, Jr., Lamar Gibson,* contra.

JORDAN, Judge. ■ The purpose of the declaratory judgment act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations. . ." Ga. L. 1945, pp. 137, 139 (*Code Ann.* § 110-1111). Under the declaratory judgment act "the respective superior courts of this State . . . have power to determine and settle by declaration any justiciable controversy of a civil nature where it appears to the court that the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respect to his rights, status, and legal relations." *Calvary &c. Baptist Church v. City of Rome,* 208 Ga. 312, 314 (66 SE2d 726).

Under these general principles, the allegations of the instant petition are sufficient to state a cause of action for a declaratory judgment to afford the plaintiff relief from uncertainty and insecurity with respect to the status of the real property described in his petition and his rights flowing from the ownership thereof by a determination as to whether the records of the defendant city contained any valid restrictions upon the plaintiff's use of his property. See *Publix-Lucas Theatres v. City of Brunswick,* 206 Ga. 206 (56 SE2d 254); *Jenkins v. Manry,* 216 Ga. 538 (118 SE2d 91). The trial court did not err in overruling the defendant's general demurrer to the instant petition.

■ Both the plaintiff and defendant introduced in evidence certified copies of the zoning ordinance in question. Section 1 of the ordinance provided as follows: "Districts—For the purpose

of this ordinance the City of Waycross is hereby divided into four (4) classes of Districts, as follows: Residence Districts, Business Districts, Industrial Districts, and Unrestricted Districts.

"The boundaries of each of these districts are hereby established as indicated on the zoning map which accompanies and is hereby declared to be a part of this ordinance."

The defendant stipulated that there was nothing in the zoning ordinance itself which set any definite boundaries on any particular property as being zoned for any particular purpose. It was also admitted that the map which is referred to in the ordinance is not recorded either in the minute book or in the ordinance file of the city. The defendant attempted to show, however, by the testimony of the city manager of the City of Waycross that the official zoning map referred to in the zoning ordinance is on file in his office and that according to that map the plaintiff's property is located in a residence district. The defendant offered no evidence, however, other than the hearsay testimony of the city manager that this "official zoning map" was a correct copy of the map originally adopted as part of the zoning ordinance referred to above.

It is an elementary principle of law that the existence of a municipal ordinance cannot be proved by parol evidence. *Southern Ry. Co. v. Thompson,* 96 Ga. App. 305 (99 SE2d 845); *W. & A. R. Co. v. Hix,* 104 Ga. 11 (30 SE 424); *W. & A. R. Co. v. Peterson,* 168 Ga. 259 (6) (147 SE 513); *N., C. & St. L. Ry. v. Peavler,* 134 Ga. 618 (68 SE 432). In the *Peterson* case, 168 Ga. 259, supra, a situation parallel to the instant case is presented. In that case proper proof was made of an ordinance of the City of Marietta adopting "the new ordinances as compiled by Attorney Fred Morris" but this ordinance did not show the contents of the "new ordinances as compiled by Attorney Fred Morris." The court there held that resort could not be had to parol evidence to prove the contents of the compiled ordinances which were referred to and adopted by the ordinance, which was properly admitted in evidence, but which ordinance did not enumerate the contents of the compiled ordinances referred to.

In the instant case the zoning map is the key to the zoning plan

of the defendant city, and while referred to in the zoning ordinance itself, it is not recorded in the minutes nor is it attached to the ordinance in the ordinance file of the city. Accordingly, while the plaintiff has not proved that a zoning map was not adopted originally, and indeed the contrary appears from the evidence, he has established that no valid record of such zoning map exists as can be proved in a court of law by competent evidence.

It is, therefore, our opinion that the evidence authorized the finding that the records of the defendant city did not contain any valid restrictions upon the plaintiff's use of his property and the trial court did not err in entering a judgment to that effect.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*