## 24838. HULSEY v. SMITH et al.

FRANKUM, Justice. It is essential to the validity and enforceability of a zoning regulation allegedly enacted by county commissioners that the regulation itself be spread upon the minutes of the commissioners so as to enable those affected thereby to know with certainty what uses are prohibited and what uses are permitted by the regulation and where such uses are permitted or prohibited. Accordingly, parol evidence is not admissible to prove the contents of such regulation or to identify, without more, a purported zoning map which is an integral part of such regulation and without which it would be meaningless. *Western & A. R. v. Peterson,* 168 Ga. 259, 263 (5) (147 SE 513); *City of Waycross v. Boatright,* 104 Ga. App. 685 (122 SE2d 475); and *City Council of Augusta v. Irvin,* 109 Ga. App. 598 (137 SE2d 82). Applying these principles to the facts appearing in this case the plaintiffs could not maintain the present action to enjoin the defendant from maintaining a junkyard in violation of the provisions of an alleged zoning regulation of the County Commissioners of Douglas County. It affirmatively appears from the pleadings and from the evidence that a copy of the map which was an essential part of the purported regulations was "not available" in the office of the commissioners at the county seat in Douglasville; that it was not recorded in the minutes of the board of commissioners or attached to the "ordinance" in the "ordinance" file of the commissioners, but that it was kept in the files of the Coosa Valley Planning Commission in its office in Rome, Georgia.

Furthermore, the only entries on the minutes of the board relied on as establishing the adoption of the purported zoning regulations are so deficient in substance as to be utterly meaningless. These entries, as appears from the certified extracts from the minutes, are as follows: "The Board of Commissioners of Roads and Revenues met at 10:00 o'clock in their regular meeting. Minutes of last regular session were read and approved. A public hearing was held on the zoning of Douglas County with two people present, Cecil Thompson local builder and Bob Miller with Johnson Land Company. A discussion was held on the lot size, adoption pending with the approval of County Attorney. Adopted June 26, 1962 S/H. T. Bomar, Chairman"; and: "The Board of Commis-

sioners of Roads and Revenues met at 10:00 o'clock in a called meeting for the purpose of discussing a few important matters. A resolution was passed that use of oxidation ponds in Douglas County with a fee to be set for the ones using it. The minimum lot size shown in Article VIII under heading District R-1 is hereby amended to be one (1) acre for the first dwelling unit. Except as above stated, The Zoning Regulations of Douglas County, Georgia adopted June 19, 1962 is approved and adopted in its entirety and as above amended. This minutes adopted July 24, 1962 S/ Hugh Riley, Acting Chairman." As will be observed from the quoted matter which is the body of the minutes in their entirety as introduced in evidence, no reference is contained therein to any code of zoning regulations which may be identified from the contents of the minutes themselves as being the regulations adopted thereby. Furthermore, the alleged regulations introduced in evidence by the plaintiff are in no way identified except by parol testimony as being those which were submitted to the county commissioners for their consideration. "It is an elementary principle of law that the existence of a municipal ordinance cannot be proved by parol evidence. *Southern R. Co. v. Thompson,* 96 Ga. App. 305 (99 SE2d 845); *W. & A. R. Co. v. Hix,* 104 Ga. 11 (30 SE 424); *W. & A. R. Co. v. Peterson,* 168 Ga. 259 (6) (147 SE 513); *N., C. & St. L. R. v. Peavler,* 134 Ga. 618 (68 SE 432)." *City of Waycross v. Boatright,* supra, at p. 687. The same rule applies to enactments by county commissioners.

It thus affirmatively appears that the purported zoning regulations were never legally adopted by the county commissioners, and the trial court, sitting without a jury, erred in rendering judgment for the plaintiff and in enjoining the defendant from maintaining the junkyard in question.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1968—DECIDED NOVEMBER 21, 1968.

*A. H. Leatherwood,* for appellant.
*James R. Dollar, Jr.,* for appellees.