A04A0295. ENVIRO PRO, INC. v. EMANUEL COUNTY et al.
(593 SE2d 673)

ELDRIDGE, Judge.
In March 2003, appellant-plaintiff Enviro Pro, Inc. ("Enviro Pro") filed the instant verified complaint for equitable and other

---

relief against appellees-defendants Emanuel County; Dessie E. Davis, Chairman of the Board of Commissioners of Emanuel County; David A. Oglesby; James R. Canady, Brad Hooks, and Keith R. Thompson, members of the Board of Commissioners; and James E. Price, County Administrator of Emanuel County (the "County"). Among other things, Enviro Pro sought a declaratory judgment regarding its rights to a permit for the land application of domestic septage from multiple sources[1] and the construction of related facilities, mandamus, injunctive relief, and damages — this after the County Board of Commissioners (also "Commissioners" or "Board") notified Enviro Pro by letter, dated February 11, 2003, that the County had not approved such a permit despite a letter, purportedly to the contrary, from the Chairman of the Board of Commissioners to Enviro Pro, dated December 9, 2002 ("December 9 letter"). On February 20, 2003, Enviro Pro responded by letter to the Board of Commissioners asserting the validity of the December 9 letter, 40 CFR Part 503 as authorizing the land application of domestic septage from multiple sources without a federal permit absent state or local regulation. In an apparent abundance of caution, by this letter Enviro Pro also reapplied for a domestic septage permit under OCGA § 12-8-41 or other local ordinance deemed applicable by the County. In this regard, effective July 1, 2002, the General Assembly enacted legislation governing the issuance of permits for the application of treated domestic septage to land as follows:

> The department [(the Environmental Protection Division of the Department of Natural Resources ("EPD" and "DNR," respectively))] shall provide by rule or regulation for the regulation and permitting of any land disposal site that receives septic tank waste from more than one septic tank pumping and hauling business; provided, however, that no such permit shall be issued except on the written approval of the governing authority of each county in which such site is wholly or partially located. No such site which was not in operation on January 1, 2002, shall receive septic tank waste on or after July 1, 2002, unless a permit has been issued by the department.

OCGA § 12-8-41.

Enviro Pro contends that the superior court erred in denying its requests for equitable relief, the December 9 letter as a valid permit

---

[1] Domestic septage is the liquid or solid material removed from a septic tank, cesspool, portable toilet, Type III marine sanitation device, or a similar device that receives only domestic septage (household, noncommercial, nonindustrial sewage). 40 CFR § 257.2.

duly issued by the Board of Commissioners, and Enviro Pro's right to the letter as vested in Enviro Pro, absent zoning laws or other ordinances prohibiting its proposed domestic septage land application activities. Enviro Pro further challenges the superior court's denial of its requests for equitable relief asserting, to the extent discernible, that the County's "denial" of the December 9 letter violated due process and equal protection, neither OCGA § 12-8-41 nor County zoning law setting out the criteria governing the permitting process; that in the absence of state or local rules governing the land application of domestic septage, compliance with 40 CFR Part 503 alone authorized the activities it proposed; and that OCGA § 12-8-41 was invalid as "exceed[ing] the power of home rule and for pre-emption by federal law." The December 9 letter as ultra vires, void, rights not vested therein, and action on Enviro Pro's reapplication for County approval pending the completion of state and local rulemaking, we affirm and impose sanctions for frivolity.

> [T]he appellate standard of review for nonjury trials of disputed material facts is the clearly erroneous test, also known as the "any evidence" rule. As such, the sole question for determination on appeal is whether there is any evidence to authorize the trial court's judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. This is true regardless of whether evidence also existed that may have supported [appellant's] position. In the absence of legal error, an appellate court is without jurisdiction to interfere with a judgment supported by some evidence.

(Citations, punctuation and emphasis omitted.) *Progressive Preferred Ins. Co. v. Aguilera*, 243 Ga. App. 442, 445-446 (2) (533 SE2d 448) (2000). See also *Banks County v. Cornett Bridge, Inc.*, 247 Ga. App. 449, 450 (544 SE2d 457) (2000).

The record shows that Enviro Pro approached County Commissioners Thompson and Hooks for the purpose of explaining its proposal to apply treated, multi-source, domestic septage to a 2,000-acre Emanuel County farm property owned by Robert E. Youmans, thereafter requesting County approval to proceed.

The December 9 letter was issued over the signature of then Board Chairman Guy Williamson alone. Pertinently, it stated:

> Robert Youmans is requesting to contract with Enviro Pro[,] Inc. of Cumming, [Georgia,] to have a land application of domestic septage facility operate on properties he owns and rents for farming in Emanuel County, Georgia. . . . This

letter is hereby granting written approval from the Emanuel County Board of Commissioners for Enviro Pro[,] Inc. and Robert Youmans to operate a facility in Emanuel County as long as this business conforms to all federal regulations regarding land application of domestic septage.

This letter in hand, Enviro Pro by letter sought issuance of a DNR permit to begin its operations and did so. On February 4, 2003, the Board of Commissioners met concerning Enviro Pro and, on motion, voted to "notify the necessary regulatory agencies that [OCGA § 12-8-41] approval has not been obtained by Enviro Pro, Inc. to operate a land application of domestic septage on lands in Emanuel County." The County's February 11 letter followed, informing Enviro Pro that it did not have the approval of the Board of Commissioners to land apply domestic septage in the County and that no formal application to the Board to engage in such activity had been made. Contemporaneously, DNR notified Enviro Pro that

> [u]ntil such time as [EPD] issues a permit for [your proposed] activity and the respective county concurs with your land application activity, should you have land applied domestic septage from multiple sources in Emanuel County or any other county in the State, or continue your plans to land apply domestic septage from multiple sources in Emanuel County or any other county in the State, you will be considered in violation of the Georgia [Comprehensive] Solid Waste Management Act [(OCGA § 12-8-20 et seq.)], and will be liable for enforcement actions by [EPD] which may include the imposition of monetary penalties.

On February 26, 2003, the County, through the County attorney, responded to Enviro Pro's February 20 letter to the Board of Commissioners, stating that Enviro Pro's claim to the contrary notwithstanding, the Board had not revoked the December 9 letter by its February 4 action, no permit having been issued; that the County currently lacked "objective criteria, guidelines, or standards for reviewing permit applications under OCGA § 12-8-41"; that the County was in the process of developing the same under the Zoning Procedures Law, OCGA § 36-66-1 et seq., a process requiring 45-60 days; and that "in addition to the public notice, I will advise you as to the date, time and place of such hearings."

After a May 20, 2003 bench trial, the superior court denied Enviro Pro's requests for equitable relief finding: "1) the Chairman's letter does not constitute written approval under OCGA § 12-8-41; 2) there was no validly issued permit under OCGA § 12-8-41; and 3)

[Enviro Pro] does not have a vested right to issuance of a permit."
*Held*:

1. The December 9, 2002 letter was an ultra vires act, and no right in the letter as a permit or as requiring the County to approve Enviro Pro's February 20, 2003 reapplication for a permit vested in Enviro Pro. OCGA § 12-8-41 plainly mandates that both state agencies and local governments regulate the land application of domestic septage. Pertinently, it provides that no DNR permit for the land application of domestic septage shall be issued "except on the written approval of the governing authority of each county in which such site is wholly or partially located." Id. It is undisputed that 40 CFR Part 503 governing, among other things, the land application of domestic septage is self-implementing; requires no federal permit; and, as setting minimum national standards which must be met by domestic septage appliers, is subject to more stringent state and local regulation.

Moreover, in Georgia a vested right in a special use permit lies only when "the permit has been legally obtained[,] . . . is valid in every respect, and has been validly issued." (Citations and punctuation omitted.) *Netherland v. Nelson*, 261 Ga. App. 765, 768 (2) (583 SE2d 478) (2003). And, "[i]f a contract is beyond the power or competence of the local government, then the contract is termed ultra vires and is void." (Citation omitted.) *Precise v. City of Rossville*, 261 Ga. 210, 211 (1) (403 SE2d 47) (1991); *Grove v. Sugar Hill Investment Assoc.*, 219 Ga. App. 781, 784 (2) (466 SE2d 901) (1995); see also County Code, Div. 3, § 2-104 ("An ordinance, resolution or contract shall be deemed adopted or approved when it receives an affirmative vote . . . of the whole board of commissioners.").

The December 9 letter purporting to grant Enviro Pro approval to proceed shows only issuance over the signature of the former board chairman. There is no evidence of record showing that the Board of Commissioners approved the letter. See id. There is no evidence which shows that the letter even was brought to the Board of Commissioners for a vote. County Code, Div. 3, § 2-100 ("Ordinances, resolutions and other matters of subjects requiring action by the board of commissioners must be introduced and sponsored by a member of the board of commissioners.").

Enviro Pro faults the County's evidence showing that the December 9 letter was never considered by the Board as a whole, curiously arguing that there is no evidence in the record to refute its contention that the December 9 letter was validly adopted for the County's failure to introduce certified copies of the resolutions and minutes of the meetings of the Board of Commissioners between the time the December 9 letter was requested and the date it was issued showing the contrary. In this regard, Enviro Pro argues the inadmissibility of

parol testimony, presumably the February 4, 2003 minutes of the Board indicating that Enviro Pro's proposal had not been approved by the Board and the County's February 11 letter noting that the proposal had not been formally presented to the Board. For this proposition, Enviro Pro points to *Waldrop v. Stratton & McLendon, Inc.*, 230 Ga. 709 (198 SE2d 883) (1973); *Hulsey v. Smith*, 224 Ga. 783 (164 SE2d 782) (1968); and *Western &c. R. Co. v. Hix*, 104 Ga. 11 (30 SE 424) (1898), as controlling precedent. However, these cases held only that parol evidence was inadmissible to prove the contents of a zoning law or municipal ordinance, *Waldrop v. Stratton & McLendon, Inc.*, supra at 710; *Hulsey v. Smith*, supra at 784; *Western &c. R. Co. v. Hix*, supra, not that a zoning decision[2] to issue a special use permit had not been made by the governing body, as here. Enviro Pro having pled that the December 9 letter was validly issued, the same was Enviro Pro's burden to prove. "The burden of proof generally lies upon the party [who is] asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." *Lazenby v. Citizens Bank*, 20 Ga. App. 53, 55 (2) (92 SE 391) (1917); OCGA § 24-1-1.

Evidence of record showing that the December 9 letter was neither presented to the Board for approval nor approved by the Board, the superior court did not err in finding the letter void as issued ultra vires and insufficient to confer any vested right to the issuance thereof or as reapplied for, notwithstanding Enviro Pro's investment in its proposed activities. County Code, Div. 3, §§ 2-100 and 2-104; *Netherland v. Nelson*, supra; *Precise v. City of Rossville*, supra; *Grove v. Sugar Hill Investment Assoc.*, supra; *Progressive Preferred Ins. Co. v. Aguilera*, supra.

2. Enviro Pro contends that the County's "denial and rescission" of the December 9 letter were violative of its right to due process and equal protection under the state and federal constitutions, the County having failed to set out objective criteria governing the permitting process, thus allowing the consideration of "unstated factors," among them, public opposition. We disagree.

(a) *Public Opposition.* Enviro Pro fails to cite evidence in the record to support its claim that public opposition to the special land use permit it seeks influenced the County's actions in this case, and we find none. We are unable to consider facts not of record. *Graham v. Ault*, 266 Ga. 367, 368 (2) (466 SE2d 213) (1996), citing *Garrison v. Dept. of Human Resources*, 184 Ga. App. 449 (1) (361 SE2d 860) (1987).

---

[2] A " '[z]oning decision' means final legislative action by a local government [(county or municipality)] which results in: . . . [t]he grant of a permit relating to a special use of property." OCGA § 36-66-3 (4) (E).

(b) *"Revocation" of the December 9 Letter Not Upon Objective Criteria Denying Due Process and Equal Protection*. Enviro Pro's claim to the contrary notwithstanding, the record shows no County approval of its proposed activities. Division 1, supra. Neither does the record show that DNR has issued a permit authorizing such activity. Instead, there is evidence showing that County and DNR consideration of the proposed activity now await rulemaking at the state and local level to provide the criteria Enviro Pro complains of as omitted.

OCGA § 12-8-41 expressly directs DNR to engage in rulemaking to ensure that permitting thereunder proceeds upon objective criteria. Id. The Zoning Procedures Law, OCGA § 36-66-1 et seq., requires that zoning decisions relating to special land uses, as in this case, proceed upon the adoption of standards governing the zoning power and compliance with notice and hearings requirements in reaching such decisions. OCGA §§ 36-66-5 (b); 36-66-4, respectively. The record shows that action upon Enviro Pro's "reapplication" for written County approval and a DNR permit awaits the completion of the foregoing process. Ironically, anything less would be to visit upon Enviro Pro the denial of the constitutional protections which it erroneously enumerates as error. "The purpose of the [Zoning Procedures Law] is to afford due process to the public when local governments regulate the use of property through the exercise of their zoning power." (Footnote omitted.) *City of Roswell v. Outdoor Systems*, 274 Ga. 130, 131 (2) (549 SE2d 90) (2001).

No written County approval of Enviro Pro's proposal having been issued and its reapplication for such approval as pending subject to notice and right of hearing, the superior court did not err in refusing Enviro Pro mandamus and declaratory judgment relief. "[M]andamus will not issue unless there [is] a legal duty . . . to be performed. [Cit.]" *Forsyth County v. White*, 272 Ga. 619, 620 (2) (532 SE2d 392) (2000). To obtain a declaratory judgment, plaintiff must show uncertainty or insecurity arising out of a dispute, the necessity to take a future action properly incident to his alleged right, which in the absence of a declaration of rights might reasonably place his interest in jeopardy. *Head v. DeKalb County*, 246 Ga. App. 756, 760 (2) (542 SE2d 176) (2000).

3. We need not address Enviro Pro's remaining claims of error; these are abandoned for want of argument or citation of authority. Court of Appeals Rule 27 (c) (2).

4. Since there can be no reasonable doubt as to the applicable law and action upon Enviro Pro's reapplication for an operating permit as awaiting rulemaking, this appeal is frivolous. Accordingly, we impose a sanction of $1,000 against Enviro Pro for pursuing this appeal. Court of Appeals Rule 15 (b).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JANUARY 12, 2004 —
RECONSIDERATION DENIED JANUARY 27, 2004 

*Brockman & Teague, James S. Teague, Jr., Larry C. Oldham,* for appellant.

*Glen A. Cheney, DuAnn C. Davis,* for appellees.

*Justine I. Thompson,* amicus curiae.