S08A0369. JAMES v. MONTGOMERY COUNTY BOARD OF
EDUCATION.
(661 SE2d 535)

BENHAM, Justice.

On July 9 and July 26, 2007, Dale James made a request to be placed on the agenda of the August meeting of the Montgomery County School Board ("Board"). Per the Board's policy, the superintendent sets the agenda and has discretion to grant or deny such requests. At the meeting, however, a majority of the Board members may vote to change an agenda, including adding persons wanting to address the Board. In this case, the superintendent denied James' requests and, at the August meeting, the Board did not vote to add James to the agenda. James filed a petition for mandamus in the superior court, seeking to compel the Board to place James on its agenda. After conducting a hearing, the trial court denied the petition for mandamus and dismissed James' complaint. James filed this appeal and, finding no error, we affirm.

In *Schrenko v. DeKalb County School Dist.*, 276 Ga. 786, 794 (3) (582 SE2d 109) (2003), this Court set forth the scope of mandamus relief:

> Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. It is a discretionary remedy that courts may grant only when the petitioner has a clear legal right to the relief sought or the public official has committed a gross abuse of discretion. In general, mandamus relief is not available to compel officials to follow a general course of conduct, perform a discretionary act, or undo a past act.

Because setting the Board agenda is a discretionary act, it is not subject to mandamus. Id.

Nevertheless, James counters the Board had a statutory duty to place him on its agenda under OCGA § 20-2-1160 (a). That statute provides in pertinent part, "Every county, city, or other independent

board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary." A plain reading of the statute shows that it does not, expressly or impliedly, impose upon the Board a duty to place citizens like James on its meeting agenda. See *Bland Farms, LLC v. Ga. Dept. of Agriculture*, 281 Ga. 192, 193 (637 SE2d 37) (2006) ("The duty which a mandamus complainant seeks to have enforced 'must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act to be done, but must require its performance.' [Cits.]"). Likewise, OCGA §§ 50-6-6 (b)[1] and 45-10-1,[2] other statutes cited by James, do not impose a duty on the Board to place James on its agenda. See id. Accordingly, we affirm the trial court's denial of the writ of mandamus and dismissal of James' complaint.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2008.

*M. Francis Stubbs*, for appellant.
*Harben & Hartley, Phillip L. Hartley, Thomas W. Everett*, for appellee.

---

[1] OCGA § 50-6-6 (b) provides:
Notwithstanding any other provisions of this chapter, the local boards of education of the several county, independent, and area public school systems of this state shall be authorized to have an additional audit made of the books, records, and accounts of the public school system over which any such board has jurisdiction. The local boards of education shall be authorized to employ certified public accountants of this state to make the audits and to expend funds for the audits which are received by any such board for educational purposes.

[2] OCGA § 45-10-1 sets forth a code of ethics for government officials.

[3] Since James' constitutional argument regarding the right to assembly was not raised in the trial court below, it is not subject to our review. See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827 (2) (573 SE2d 389) (2002).