A08A1775. VRANA v. AUGUSTA-RICHMOND COUNTY et al.
(673 SE2d 3)

JOHNSON, Presiding Judge.

Linda Vrana sued Augusta-Richmond County and E. W. Reece, the County's chief tax appraiser, for mandamus relief, seeking reinstatement to her position as deputy chief tax appraiser. She also alleged a fraud claim against Reece. Following a bench trial, the trial court entered judgment in favor of the County and Reece. Vrana appeals, and for reasons that follow, we affirm.

On appeal of a judgment entered after a bench trial, we construe the evidence favorably to the judgment, and we will not disturb the trial court's factual findings if any evidence supports them.[1] Viewed in this manner, the evidence shows that Reece became the chief tax appraiser for the County Tax Assessor's Office in August 2000. At that time, Vrana held one of the three deputy chief tax appraiser positions in the office.

Between August 2000 and December 2002, Reece initiated 13 disciplinary actions against Vrana for various infractions, including not following his instructions and not completing her work. Reece also found that Vrana's overall job performance was poor, and although he counseled her about the performance issues, her work failed to improve and deteriorated in certain areas. In Reece's view, Vrana was unable to function satisfactorily in a management position.

On December 11, 2002, Reece determined that "enough was enough" with respect to Vrana's performance, and he met with her to discuss her options. At that meeting, Reece informed Vrana that she had four choices: accept a demotion to a nonmanagerial position within the Tax Assessor's Office, find employment in another

---

[1] *Enviro Pro v. Emanuel County*, 265 Ga. App. 309, 311 (593 SE2d 673) (2004).

department, resign, or be terminated. According to Reece, he would have commenced the disciplinary process required by the County's personnel manual if she had chosen termination. After considering the matter for several days, however, Vrana accepted a demotion within the office.

After the December 11 meeting, Reece informed his staff that Vrana would no longer be in a managerial role, that the office would be restructured under the remaining two deputy chief tax appraisers, and that the third deputy chief position would be eliminated. The Board of Tax Assessors approved the reorganization, but the County Commission denied Reece's request to reclassify the third deputy chief position. Frustrated by the Commission's decision, Reece told his senior staff that he might need to fill the third position again. Ultimately, however, he did not advertise, accept applications for, or staff this position, which remained vacant during Reece's tenure and eventually became unfunded.

At the bench trial, Vrana provided a different account of the December 11, 2002 meeting with Reece. According to Vrana, Reece never stated that the meeting involved job performance. Instead, he told her that he was restructuring the office, that her position was being eliminated, and that she needed to accept a demotion, find other county employment, resign, or face termination. Vrana chose reassignment to a lower paying position. After the County Commission refused to reclassify her old position, however, she heard that Reece planned to fill it. Believing that Reece had lied about eliminating the position, Vrana filed a personnel grievance and sought to reclaim her former job. As Vrana testified: "I did not understand why I couldn't just be put back into the position because I was never informed that [I was removed for any reason] other than the job being abolished."

The personnel department investigated the matter, and Reece gave a statement, indicating that his actions with respect to Vrana were purely performance based and that he reorganized the office after Vrana stepped down as deputy chief tax appraiser. Following the investigation, the personnel department did not act on Vrana's grievance or hold a hearing. The human resources director explained that the demotion did not implicate the disciplinary procedures because Vrana voluntarily chose reassignment in lieu of termination. Thus, she had no grievance rights.

1. In several enumerations of error, Vrana argues that the trial court erred in denying her request for mandamus relief. Mandamus is an extraordinary remedy that, in appropriate circumstances, may

be used to compel a public official to perform a required duty.[2] A court, however, may only grant mandamus "when the petitioner has a clear legal right to the relief sought or the public official has committed a gross abuse of discretion."[3] In this case, the trial court concluded that Vrana had no clear legal right to reinstatement or other relief. We agree.

Vrana's central claim is that Reece was required to follow the County's disciplinary procedures, including providing her with due notice and a hearing, before demoting her. The trial court determined, however, that Vrana *voluntarily* accepted the lesser paying, nonmanagerial position offered by Reece, rather than face disciplinary action such as termination. The evidence supports this finding. Reece testified that Vrana was an asset to the office, but was unable to satisfactorily perform the management duties of a deputy chief tax appraiser. In an effort to place her in a role she could handle and avoid "putting her out on the street," he offered her a demotion. Otherwise, he was prepared to follow the County disciplinary procedures required to terminate her. Vrana chose the demotion.

Vrana has not shown that Reece was bound by the disciplinary procedures in this situation. The human resources director testified that Vrana's voluntary reassignment did not involve a disciplinary action and was not "grievable." And Vrana has not pointed to any personnel provision that brings a voluntary demotion or reassignment within the disciplinary framework.

On appeal, Vrana seeks to undercut the trial court's ruling by arguing that she did not make an informed or voluntary choice regarding her demotion. According to Vrana, Reece led her to believe that she was losing her management position because of the office reorganization, not because he was dissatisfied with her job performance. Vrana further claims that if she had known the December 11 meeting related to job performance issues, she would have challenged any disciplinary action through the grievance procedures, rather than accept a demotion.

The trial court, however, explicitly found her decision voluntary. And although Vrana testified that Reece discussed the reorganization at the December 11 meeting, Reece denied making any such statement, explaining: "I did not tell [Vrana] that I was abolishing her position when I met with her." Simply put, the evidence did not demand a finding that Vrana was misled or involuntarily accepted the demotion.

---

[2] *James v. Montgomery County Bd. of Ed.*, 283 Ga. 517 (661 SE2d 535) (2008).

[3] (Punctuation omitted.) Id.

The trial court was authorized to conclude that Vrana *chose* reassignment to a nonmanagerial position to avoid disciplinary action and possible termination. Nothing places a voluntary demotion within the disciplinary procedures or gives Vrana a clear legal right to reinstatement or other relief. Vrana also has not shown that Reece grossly abused his discretion by offering her the option of voluntary reassignment. The trial court, therefore, properly denied her request for mandamus relief.[4]

2. In addition, Vrana argues that the trial court erred in finding for Reece on her fraud claim. The tort of fraud has five essential elements: "(1) false representation by the defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) resulting damage to the plaintiff."[5] Except in plain and indisputable cases, the factfinder must determine whether particular circumstances constitute fraud.[6]

Through her fraud claim, Vrana alleged that Reece misrepresented the purpose of the December 11 meeting, leading her to believe that he was removing her from a managerial position because of an office reorganization. As discussed above, however, Reece denied telling Vrana at the meeting that her position was being abolished. And the trial court found that Reece called the meeting to address Vrana's poor job performance. Reece also testified that he did not lie to Vrana or do anything to harm her.

Such testimony supports the conclusion that Reece did not misrepresent the basis for the December 11 meeting or mislead Vrana so that she would accept a demotion. Although Vrana points us to contrary evidence, "[i]t is our duty to construe the evidence to uphold the [trial court's] judgment rather than upsetting it."[7] This is true even if some testimony supports Vrana's claim; the sole question before us "is whether there is *any* evidence to authorize the trial court's judgment."[8] Accordingly, the trial court did not err in rejecting the fraud claim.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 6, 2009 —
RECONSIDERATION DENIED JANUARY 27, 2009

---

[4] See *James*, supra at 518; *McClure v. Hightower*, 237 Ga. 157, 158-159 (227 SE2d 47) (1976).

[5] (Citation omitted.) *Almond v. McCranie*, 283 Ga. App. 887, 889 (2) (643 SE2d 535) (2007).

[6] See id.

[7] (Punctuation omitted.) *Enviro Pro*, supra.

[8] (Punctuation omitted; emphasis supplied.) Id.

John M. Brown, for appellant.
Burnside Wall, Mark B. Williamson, for appellees.